MARTHA BRADSTREET, PLAINTIFF IN ERROR V. ANSON THOMAS.

The demandant, a subject of the king of Great Britain, instituted an action by writ of right, in the district court for the northern district of New York, against the defendant, a citizen of New York. In the declaration, there was no averment that the defendant was a citizen of New York. The defendant pleaded to the first count in the declaration, and demurred to the second and third counts; the demandant joined in the demurrer, and averred that the defendant was a citizen of New York. In the subsequent proceedings in the case in the district court, and afterwards in the Supreme Court, no exception was taken by the defendant, that there was no averment in the declaration, that the defendant was a citizen of the United States; and not until the case came a second time before the Supreme Court, to which it was now brought by a writ of errror, prosecuted by the demandant in the writ of right. The defendant moved to dismiss the writ of error, for the want of an averment of the citizenship of the defendant in the declaration. The court overruled the motion.

The district court was not bound to receive the averment of the citizenship of the defendant in the joinder in demurrer; and clearly ought not to have received it, if it had been objected to by the tenant. But he has waived the objection, by failing to make it at an earlier stage of the cause: and after the proceedings which have taken place in the district court, and in this Court; and when the cause has been so long continued, and allowed to proceed in the same condition of the pleadings and averments, it would be unjust to the demandant to dismiss it upon this mere technical informality. The pleadings, in fact, contain all the averments required by the decisions of this Court, to give jurisdiction to the courts of the United States; and as they appear to have been acquiesced in by the tenant, and regarded as sufficient in the district court, and were not objected to in this Court, when the case was here on the application for a mandamus; the informality cannot be relied on now to dismiss the suit.

WRIT of error to the district court of the northern district of New York.

Mr. Beardsley moved to dismiss the writ of error, it not being stated in the writ or declaration, that the defendant was a citizen of the state of New York. The plaintiff is an alien, and this is stated in due form; but nothing is said of the citizenship of the defendant.

The constitution of the United States gives jurisdiction to the courts of the United States, when an alien is a party, who sues a defendant, a citizen of the state in which the suit may be brought; and it has been expressly decided, that both parties must be stated, descriptively, in the pleadings. And where, as in this case, jurisdiction depends on the character of the parties, the averment of character

[Bradstreet v. Thomas.]

is not matter of form, but of substance, it may be traversed; and in that event, must be proved like any other material fact. Cited, 5 Cranch, 303; 4 Dallas, 12; 3 Dallas, 382; and 1 Cond. Rep. 170, where all the cases are collected in a note.

There is no averment of the value of the property in either count of the plaintiff's declaration; although it appears from the bill of exceptions, to have been of the value of two thousand dollars. There is, however, no doubt of the right of the party to prove the value of the property to be such as will give the right to a writ of error: this is not now taken as an objection to the proceeding to bring the case before this Court. The objection, so far as respects the point of value, is that the court below had no jurisdiction; there being no averment that the property was worth more than five hundred dollars. The defendant relies on the absence of the necessary averment of the citizenship of the defendant, as a sufficient ground to dismiss the writ of error, the district court of New York not having had jurisdiction to entertain the cause.

Mr. Meyer and Mr. Jones for the defendant.

The motion to dismiss the writ of error, is founded on the allegation that there is no averment of the citizenship of the defendant; although, that the plaintiff is a subject of the king of Great Britain, is stated in the writ.

It is too well established to permit it to be controverted, that an alien cannot sue in the courts of the United States; unless the fact of alienage is stated, and the defendant is stated to be a citizen of the state in which the suit may be instituted. This is under the provision of the constitution of the United States, and under the judiciary act of 1789. It must appear in the proceedings in the case, that such is the relative position of the parties.

In this case, there is an averment of the citizenship of the defendant, and this will be found in the plaintiff's joinder in demurrer; where it is distinctly and explicitly averred, that the defendant is a citizen of the state of New York, and a resident in the northern district of that state. The defendant had demurred, and the plaintiff joined in the demurrer; accompanying this with an averment of the defendant's citizenship and residence. The question before the Court is, whether this is sufficient.

No objection to the insufficiency of the averment, or to its location, was made on the trial of the cause. The parties had been before this

Court on a former occasion, 7 Peters, 634, and after argument, a mandamus was issued to the judge of the district court, under which the case was restored to the docket; and after which the trial took place. In none of those proceedings was an objection made to the absence of the averment of the citizenship of the defendant, in the early part of the pleadings.

It is not known why the averment of the citizenship may not be postponed by the consent of the parties to the latter part of the pleadings. The fact of the alienage of the plaintiff, and of the citizenship of the defendant, was well known, and therefore the objection was not taken. Had it been taken in the early stage of the case, an amendment would have been moved, and would have been admitted.

There is no rigid rule which requires the averment of citizenship to have a particular locality. No rule which requires a party to exhibit his case in any particular part of the pleadings. A party may change his case by averments, if his opponent does not except to them. This shows that there is no judicial requirement as to where they shall appear, if no dissent is given by the opposite party. So, too, defects in pleading may be cured by implications from the pleadings of the opposite party. 1 Chitty on Plead. 710; 1 Chitty, 467–68. These authorities show, that if in the course of the pleadings facts appear, the court will consider them as facts, upon which they may judicially act.

For the honour of the common law, it will not be said that it does not aid the party in exhibiting his case. Why else are new averments allowed? There is no rule as to the locality of averments; and no rule which requires the matters to be stated in the early part of the pleadings, on which the court are permitted to proceed in the cause.

Many cases have been adjudged in the circuit, and in the Supreme Court, as to the jurisdiction of the courts of the United States, dependent on the character of the parties; but in no one of them is it settled, where the averments on the subject shall appear.

In the case of Montalet v. Murray, 4 Cranch, 46; 2 Cond. Rep. 19, while it is decided, that to give jurisdiction, the character of the parties to the suit must appear on the record; it is no where said on what part of the record there shall be this description. If it appears on any part of the record, that the parties are such as to give the court jurisdiction, this is a full compliance with the requisitions of the

[Bradstreet v. Thomas.]

constitution, and the act of congress. All the exigencies of the law are complied with.

After a trial and verdict, the party is not allowed to except to the jurisdiction of the court, even in a case in which the court had not jurisdiction. It is too late; 4 Wash. C. C. R. 483. A case may be submitted to the court, on a statement of facts, and have all the substance of a case presented on formal special pleadings. The only object of the pleadings, is to exhibit the case. This shows the court does not look at forms, if the substance is preserved. In this case, the Court cannot but see that the parties are within their jurisdiction.

How is it as to the tenant in the case before the Court? and what will be his situation if strict rules are applied to him? As a general principle, a plea to the jurisdiction should be put in before a plea to the merits; and the question of jurisdiction is supposed to be waived by a neglect to plead it. 4 Mason's C. C. R. 434; 3 John. Rep. 105; 1 Paine, 594. Cited also, 11 Peters, 85, as to the mode and time of pleading to jurisdiction.

This Court has always reluctantly exercised its power to dismiss a case for want of jurisdiction. The cases are numerous to show this. In every such case which has been dismissed, there has been a want of an averment; and no proof of the citizenship of the party. But in this case there is an averment, and the defendant does not deny its truth. He holds back after the suit is brought; he subjects the plaintiff to all the expenses of prosecuting his action; he submits to have the cause brought up to this Court, and to the action of this Court on the case by a mandamus to the district judge; to a trial; to a bill of exceptions and verdict; to a writ of error to this Court: and now, without a denial of the fact averred, that he is a citizen and resident of the western district of New York, he asks that the case shall be dismissed. Cases cited in the argument: 8 Wheat. 421; 1 Mason's C. C. R. 360; 1 Paine, 410; 6 Cranch, 267.

Mr. Chief Justice TANEY delivered the opinion of the Court.

A motion has been made by the defendant in error to dismiss this case, upon the ground that the averments necessary to give jurisdiction to the courts of the United States do not appear in the record. The decisions which have heretofore been made on this subject, render it proper that the circumstances under which this motion comes before the Court should be stated.

[Bradstreet v. Thomas.]

A writ of right was brought in the district court for the northern district of New York, to recover certain lands situated in the state of New York. The demandant, in her declaration, avers that she is an alien, and a subject of the king of the United Kingdom of Great Britain and Ireland; but does not aver that the tenant is a citizen of the state of New York, or of any other state of the United States. The suit was brought to January term, 1825, at which term the tenant appeared, and prayed leave to imparle until the next term; "saving all objections as well to the jurisdiction of the court as to the writ and count."

The case was continued from term to term, until August term 1826, when the tenant put in the usual plea to the first count, and demurred to the second and third; setting down special causes of demurrer. The demandant joined in the mise on the plea, and joined in the demurrer; and, in her joinder in demurrer, she averred that the defendant was a citizen of the state of New York. The want of this averment of citizenship in the counts was not one of the causes of demurrer assigned by the tenant. The demurrers were decided against the demandant at August term, 1827; and further proceedings were had which it is unnecessary to state here, and the case continued until August term, 1831, when the defendant moved the court to dismiss the suit for want of jurisdiction: assigning as the foundation of this motion, the want of an averment of the pecuniary value of the lands demanded in the counts filed by the demandant.

The court sustained the motion, and dismissed the suit. But at that time no objection to the jurisdiction was made on account of the omission to aver the citizenship of the tenant.

In 1832, this dismissal of the suit was brought before the Supreme Court, and a rule laid on the district court to show cause why the case should not be reinstated in that court: and at January term, 1833, a peremptory mandamus was issued by this Court, commanding the district court to reinstate the suit, and "to proceed to try and adjudge according to the law and right of the case, the said writ of right and the mise therein joined." The mandamus was obeyed and the cause reinstated, and the mise tried and found against the demandant; and judgment entered against her at November, 1837. The case is now before us upon a writ of error on this judgment; and a motion is made to dismiss the case, upon the ground that neither the district Court nor this court could have jurisdiction of the

[Bradstreet v. Thomas.]

suit; because the demandant is an alien, and there is no averment that the tenant was a citizen of New York.

The above statement of the proceedings makes it evident that the dismissal of the suit, upon this ground, at this time, would be a surprise upon the demandant, who has been prosecuting the suit for many years; most probably under the impression that the averment of citizenship contained in her joinder in demurrer, was considered by this Court and by the district court, to be a sufficient compliance with the rules of pleading established by the decisions of this Court. For the averment in question was received in the district court without objection; and, indeed, would seem to have been regarded as sufficient by that court; because when the suit was dismissed there, upon the ground that the counts did not contain proper averments to give jurisdiction, no notice was taken of the want of this averment in the counts, nor any objection to the place where it had been inserted in the pleadings; and when the case was brought before this Court, on the application for the mandamus, the fault in the pleadings now charged, was not noticed by the court in the opinion delivered, and does not appear to have been brought to their attention by the counsel for the tenant. 7 Peters, 634. The demandant might, therefore, reasonably have supposed that the Court deemed the averment sufficient; because certainly the mandamus would not have been issued, commanding the district court to reinstate the case, and proceed to try it; unless this Court had been of opinion that a sufficient cause was presented by the pleadings to give jurisdiction to the district court.

The principle on which this averment has been required is purely technical. But the rule has been established by the decisions of this Court, and we do not mean to disturb it; and the proper place for the averment is undoubtedly in the declaration of the plaintiff in the cause.

The district court was not bound to receive it in the joinder in demurrer; and clearly ought not to have received it, if it had been objected to by the tenant. But he has waived the objection, by failing to make it in an earlier stage of the cause: and after the proceedings which have taken place in the district court, and in this Court; and when the cause has been so long continued and allowed to proceed in the same condition of the pleadings and averments, it would be unjust to the demandant to dismiss it upon this mere technical

[Bradstreet v. Thomas.]

informality.  The pleadings, in fact, contain all the averments required by the decisions of this Court, to give jurisdiction to the courts of the United States; and as they appear to have been acquiesced in by the tenant, and regarded as sufficient in the district court, and were not objected to in this Court when the case was here on the application for a mandamus; we do not think the informality can be relied on now, to dismiss the suit.

The motion is therefore overruled.