## FARNEY vs. TOWLE.

1. In a case where an alleged violation of the Constitution of the United States is the ground of error, the Supreme Court has no jurisdiction, unless the point presented by the assignment and joinder was raised and decided in the State court to which the writ is directed.

2. It must appear that the point was raised in the State court; that the party called attention to the particular clause in the Federal Constitution relied upon, and to the right claimed under it, and that the question thus distinctly presented was ruled against him; and if these things do not appear, the judgment of the State court cannot be reviewed here.

Error to the Superior Court of the city of New York.

Inasmuch as this case was dismissed for want of jurisdiction, it is unnecessary to state the arguments of counsel upon points not alluded to in the opinion of the court. That opinion contains all that is necessary to a full understanding of the question decided.

Mr. *Field*, of New York, for plaintiff in error.

Mr. *Ellingwood*, of New York, for defendant in error.

Mr. Chief Justice TANEY. This is a writ of error to the Superior Court of the city of New York, and the error assigned is that the court maintained the validity of a statute of that State by which new trustees had been substituted in place of

*Farney* vs. *Towle.*

those appointed by a testator, and authorized to carry into execution the trusts created by the last will of the deceased. And the plaintiff in error alleges that this law was a violation of that article of the Constitution of the United States which declares that "no State shall pass any law impairing the obligation of contracts."

But no such point appears to have been raised in the State court, and this article in the Constitution does not appear to have been even referred to or noticed in any part of the proceedings. The answer of the plaintiff in error, it is true, charges in general terms that the law was unconstitutional and void; but from the context it would seem that this charge was applied to the constitution of the State rather than to that of the United States; and even if it could be construed as applying to the latter, it has repeatedly been declared by this court, as will appear by the reports of its decisions, that in order to give it jurisdiction, it must appear that the point was raised and decided in the State court; that the attention of the court was called to the particular clause of the Constitution of the United States upon which the party relied, and to the right he claimed under it; and that, with the question thus distinctly presented, the decision was against him.

*This writ of error must, therefore, be dismissed for want of jurisdiction.*