PENNSYLVANIA v. QUICKSILVER COMPANY.

1. In a suit against a corporation by one State, an averment that the defendant is a body politic by the law of another State, named and "doing business" in it, is not sufficient to give jurisdiction to this court.
2. This court has no original jurisdiction of a suit brought by a State against its own citizens.

ON motion to dismiss an original writ:

The first clause of the second section of the third article of the Constitution ordains that the judicial power shall extend to certain cases named, and among them " to controversies between a State and the citizens of another State."

The second clause of this same section provides:

" That in all cases affecting ambassadors, &c., and *those in which a State shall be a party*, the Supreme Court shall have original jurisdiction," and that " in all the other cases before mentioned it shall have appellate jurisdiction."

The 13th section of the Judiciary Act provides:

" That the Supreme Court shall have exclusive jurisdiction of all controversies of a civil nature where a State is a party, except between a State and its citizens, and except also between

a State and citizens of another State, or aliens, in which latter case it shall have original, but not exclusive jurisdiction."

In this state of the law, constitutional and statutory, the commonwealth of Pennsylvania brought an original suit against the Quicksilver Mining Company. The declaration was thus:

" The commonwealth of Pennsylvania, by her attorney-general, complains of the Quicksilver Mining Company, a body politic *in the law of, and doing business in,* the State of California, of a plea that the said company render unto the said commonwealth the sum of $100,000, &c."

*Mr. M. H. Carpenter, on behalf of the Quicksilver Company,* defendant in the case, now moved to dismiss the writ, resting his motion on the ground that as the record did not aver or in any way show that the said company was incorporated by the laws of any other State or nation than those of Pennsylvania, or was resident elsewhere than in that State, no cause of action within the jurisdiction of this court was disclosed.

*Mr. F. Carroll Brewster, in support of the jurisdiction:*

We admit that the Quicksilver Company was incorporated by Pennsylvania, and we have no knowledge that it is incorporated by California. But it does business in California. Its mines are there; its office, officers, agents and concerns. Citizenship when spoken of in the Constitution in reference to the jurisdiction of the Federal courts, means, as is well settled, nothing more than residence. What then constitutes the residence of a corporation ? This seems to have been ruled by McLean, J.,* in the seventh circuit. The declaration there characterized the plaintiff as "doing business and resident in the State of New York." Mr. Stanbery demurred for want of jurisdiction. The opinion of the court is thus:

McLean, J.: " Where a corporation of another State sues in this court, an allegation of citizenship is not now necessary, as

---

* New York and Erie Railroad *v.* Shepard, 5 McLean, 455.

was formerly required.  The State where the corporation is located, and in which its corporate functions are exercised, if alleged, is sufficient to give jurisdiction.  The demurrer is overruled."

Now, here we allege that the company is " a body politic in the law of, and does business in California;" which brings us sufficiently within the language of the opinion cited.

But, independently of this, under the second clause of the second section of the third article of the Constitution, this court has original jurisdiction in all cases where a State is a party; jurisdiction even where the party is one of its own citizens.  The language is express, and this view is expressed by Marshall, C. J., and by Thompson, J., in the *Cherokee Nation* v. *The State of Georgia.** The former says:

"The second section of the third article of the Constitution describes the extent of the judicial power.  The second section closes an enumeration of the cases to which it is extended with 'controversies' between a State or the citizens thereof, and foreign States, citizens or subjects.  A subsequent clause of the same section gives the Supreme Court original jurisdiction in all cases in which a State shall be a party.  The party defendant may unquestionably be sued in this court."

The latter says:

" The Supreme Court shall have original jurisdiction in all cases where a State shall be a party."

Mr. Justice NELSON delivered the opinion of the court.

By the second section of the third article of the Constitution it is ordained that the judicial power shall extend "to all controversies between a State and the citizens of another State."  The second clause of this section provides "that in all cases affecting ambassadors, &c., and those in which a State shall be a party, the Supreme Court shall have original jurisdiction. . . In all other cases before mentioned it shall have appellate jurisdiction."

---

* 5 Peters, 15, 52.

This second clause distributes the jurisdiction conferred upon the Supreme Court in the previous one into original and appellate jurisdiction; but does not profess to confer any.

The thirteenth section of the Judiciary Act,* which provides for the jurisdiction of this court, accords with this construction.

A State, therefore, may bring a suit, by virtue of its original jurisdiction, against a citizen of another State, but not against one of her own. And the question in this case is whether it is sufficiently disclosed in the declaration that this suit is brought against a citizen of California. And this turns upon another question, and that is, whether the averment there imports that the defendant is a corporation created by the laws of that State; for, unless it is, it does not partake of the character of a citizen within the meaning of the cases on this subject.†

The court is of opinion that this averment is insufficient to establish that the defendant is a California corporation. It may mean that the defendant is a corporation doing business in that State by its agent; but not that it had been incorporated by the laws of the State. It would have been very easy to have made the fact clear by averment, and, being a jurisdictional fact, it should not have been left in doubt. Indeed, it was admitted in the argument that the defendant was a Pennsylvania corporation, and the jurisdiction sought to be sustained by a suit against this agency. We have already shown that this is unavailable to support the jurisdiction.

Motion granted, and the          WRIT DISMISSED.

---

* Quoted *supra.*

† Marshall *v.* The Baltimore and Ohio R. R. Co., 16 Howard, 314, and cases there cited.