## HARDING *v.* ILLINOIS.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 61.   Submitted November 10, 1904.   Decided December 19, 1904.

This court has no general power to review or correct the decisions of the
  highest state court and in cases of this kind exercises a statutory juris-
  diction to protect alleged violations, in state decisions, of certain rights
  arising under Federal authority; and if the question is not properly re-
  served in the state court the deficiency cannot be supplied in either the
  petition for rehearing after judgment or the assignment of errors in this
  court, or by the certification of the briefs which are not a part of the
  record by the clerk of the state Supreme Court.

This court will not reverse the judgment of a state court holding an alleged
  Federal constitutional objection waived, where the record discloses that
  no authority was cited or argument advanced in its support and it is
  clear that the decision was based upon other than Federal grounds and
  the constitutional question was not decided.

THE facts are stated in the opinion.


*Mr. William H. Barnum* for plaintiff in error:

The prohibitions of the Fourteenth Amendment refer to all
the instrumentalities of the State, to its judicial as well as to
its executive and legislative authorities. *Chicago, Burlington
& Quincy R. R. Co.* v. *Chicago,* 166 U. S. 226, 233; *Ex parte
Virginia,* 100 U. S. 339, 346; *Yick Wo* v. *Hopkins,* 118 U. S.
356.

It is sufficient if it appears from the record that a right
claimed under the Federal Constitution was specially set up
or claimed in the state court in such manner as to bring it to
the attention of the court. The right may be asserted by
pleadings, or on motion to set aside verdict and grant a new
trial, stating, as grounds therefor, that the several rulings of
the court in excluding proper evidence for the defendant, the
statute under which the proceedings were instituted, the ver-
dict and the judgment based upon it were all contrary to the

constitutional provisions of the Fourteenth Amendment and when the trial court overruled the motion for new trial, on such grounds and entered judgment, it necessarily held adversely to the claims of Federal rights designated in said stated grounds. *Chicago, Burlington & Quincy R. R. Co.* v. *Chicago,* 166 U. S. 231.

Due process of law implies the right of the person affected, not only to be present before the tribunal which pronounces judgment, but also to be heard by testimony in proof of any fact which would be a protection to him and his property, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved. The law of the land requires an opportunity for trial; and there can be no trial if only one party is suffered to produce his proofs. Cooley Const. Lim. 368, 369; *Zeigler* v. *South &c. Ala. Ry. Co.,* 58 Alabama, 594; *Calhoun* v. *Fletcher,* 63 Alabama, 574; *State* v. *Billings,* 55 Minnesota, 475; *Hovey* v. *Elliott,* 167 U. S. 414; *Windsor* v. *McVeigh,* 93 U. S. 274; *McVeigh* v. *United States,* 11 Wall. 267.

Plaintiff in error is deprived of his property without due process of law by the judgment in this case, because he was denied the right to prove by evidence offered in rebuttal that he never reacquired, owned, was interested in, or possessed of, the property involved after he conveyed it away by the deed of June, 1896.

As there was no averment in the declaration, nor any evidence whatever that plaintiff in error owned the property in any year from 1879 to 1896, or that it was assessed in his name during any one of those seventeen years, and as it was proved by the record that forfeitures covering those years make up all of the judgment affirmed, except about $125 of taxes of 1890, not due when this suit was begun, the entry and affirmance of the judgment without pleadings or proofs are severally denials of due process of law whereby plaintiff in error is deprived of his property in violation of the several provisions of the Fourteenth Amendment.

Any act of the legislature or action of the courts which arbitrarily takes away the property of A and gives it to B, or makes one person liable for the debts or acts of another, deprives him of due process of law. *Camp* v. *Rogers*, 44 Connecticut, 291; *Loan Association* v. *Topeka*, 20 Wall. 663; *C., B. &·Q. R. R. Co.* v. *Chicago*, 166 U. S. 237.

The only persons personally liable under section 230 for taxes assessed from 1879 to 1896, were those owning the property in those several years at the times of such assessments. *Biggins* v. *The People*, 96 Illinois, 381; *The People* v. *Winkelman*, 95 Illinois, 412; *Greenwood* v. *Town of La Salle*, 137 Illinois, 230; § 230, ch. 120, Rev. Stat. Illinois, 3 Starr & Curtis Stat., 3501, 3502; §§ 58 and 59· of same chapter, 3 Starr & Curtis Stat. 3425, 3426.

The judgment therefore makes the plaintiff in error liable for the debts and neglects of other persons. The rights of plaintiff in error under the provisions of the Fourteenth Amendment are violated by the judgment as entered and affirmed, and by § 230, as construed, administered and enforced thereby.

The action of the state court in basing its decision, opinion and judgment upon an issue and point in no way raised or hinted at in the pleadings or the proof or in the contentions of the parties, namely, that the general deed of June 10, 1896, was colorable and dishonest, deprived plaintiff in error of all right and opportunity to be heard in pleadings and proof on such issue and was a taking of his property without due process of law in violation of his constitutional rights.

This action of the state court, while at the same time ignoring or sanctioning the rejection by the trial court of the repeated offers of plaintiff in error to prove upon the trial that he had not reacquired any right, title, interest or possession of the property after making the deed and holding him liable for taxes assessed against the same and forfeitures thereon during the years 1897–1900, when he is shown to have had no interest in the lot, was a deprivation without due process of

law of his rights secured to him by the Fourteenth Amendment.

As the making and delivery of the deed were duly proved and undisputed, and its validity and effect as a conveyance were upheld by the trial court, and as no issue was presented relating to its character or effect, the decision of the state court adjudging that the deed was merely colorable, not made for an honest purpose and invalid and inoperative as a conveyance of title, was and is a taking of property without due process of law.

The deed to the Chicago Real Estate, Loan & Trust Company carried to the grantee all title and interest of plaintiff in error in or to the lot. *Frey* v. *Clifford*, 44 California, 335; *Pettigrew* v. *Dobblaur*, 63 California, 396; *Field* v. *Huston*, 21 Maine, 8; *Bird* v. *Bird*, 40 Maine, 398; *Fitzgerald* v. *Libby*, 142 Massachusetts, 235; 7 N. E. Rep. 917; *Harmon* v. *James*, 15 Mississippi (7 Smedes & M.), 111; 45 Am. Dec. 296; *First National Bank* v. *Hughes*, 10 Mo. App. 7; *Brown* v. *Warren*, 16 Nevada, 228; *Brown* v. *Wood*, 6 Rich. Eq. 155; *Sally* v. *Gunter*, 13 Rich. Law, 72; *Harvey* v. *Edens*, 69 Texas, 420; *Smith* v. *Westall*, 76 Texas, 509; *Brigham* v. *Thompson*, 12 Tex. Civ. App. 562; *Barnes* v. *Bartlett*, 47 Indiana, 98; *Patterson* v. *Snell*, 67 Maine, 559; *Stewart* v. *Cage*, 59 Mississippi, 558; *Barton's Lessee* v. *Morris' Heirs*, 15 Ohio, 408.

The Supreme Court of Illinois erred in its opinion and judgment that the point in relation to the constitutionality of the statute had been waived by plaintiff in error, and was clearly mistaken as to the supposed facts recited in its opinion as tending to prove ownership in defendant subsequent to the date of the deed. The items in the tax warrant for 1897 on this lot were not charged to defendant and merged into a judgment. No judgment is shown by the record either against the lot or against him as owner. He did not appear and object to the tax as owner and it was error and denial of due process of law to refuse, as the trial court did, to allow him and his witnesses to prove that he did not.

*Mr. Robert S. Iles* for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

This case was submitted on briefs, together with motion to dismiss or affirm. In support of the motion to dismiss the position taken is that no Federal question was properly raised in the state court, and therefore none is reviewable here.

The case was commenced in the Circuit Court of Cook County, Illinois, to recover taxes for the years 1897, 1898, 1899 and 1900, on a block of land in the Elston Addition to the city of Chicago. At the trial a jury was waived and, upon hearing, a judgment was rendered in favor of the plaintiff for the sum of $2,123.05. An inspection of the record shows that the principal controversy was over the effect of a deed made by Harding, the plaintiff in error, to the Chicago Real Estate Loan and Trust Company, dated June 10, 1896, and recorded July 2 of the same year, which conveyed, for the consideration of five dollars, "all interest in the following described real estate to wit: Any and all lands, of every kind and description, claimed or owned by me in the State of Illinois, and all lots and lands, of every description, in the city of Chicago, in which I have any right, title or interest whatsoever, situated in the State of Illinois," etc. It was the contention of the State that this deed was too general in its terms to convey specific property, and was therefore insufficient notice to the taxing officer of Cook County that the ownership of the property had changed. The trial court admitted this deed in evidence subject to this objection. Upon appeal to the Supreme Court of Illinois, of this deed and other evidence in the case that court said:

"'Conceding that the deed, if it stood alone, would overcome the *prima facie* case made by the plaintiff, the tax records of Cook County for the year 1898, offered in evidence by the People, tended to prove ownership in the defendant. The items in the tax warrant for the year 1897 on this property were charged to him and merged into a judgment. He ap-

peared in the county court and objected to the validity of the tax, but the judgment was rendered against him as owner. This was subsequent to the date of the deed. His remedy as to that tax, if levied unjustly against him, was by appeal. *Biggins* v. *People*, 106 Illinois, 270. As to that tax he clearly could not, in this proceeding, attack the validity of the former judgment. Moreover, after the date of the deed he received the rents accruing from the property and deposited the money so received to his personal account. Notwithstanding the attempted explanation of that transaction, we think the weight of the evidence is that he continued, after the pretended conveyance, to deal with the premises as his own.

"In the light of all the evidence in the case it is very clear that the conveyance of June 10, 1896, was merely colorable, and not executed with the honest purpose of conveying the absolute ownership of the property to the grantee." 202 Illinois, 122.

Much of the elaborate brief of the counsel for plaintiff in error is devoted to a discussion of alleged errors of the Supreme Court of Illinois in deciding questions which it is alleged were not properly made or in failing to give due weight to matters of evidence in the record. This court has no general power to review or correct the decisions of the highest state court, and in cases of this character exercises a statutory jurisdiction to protect alleged violations, in state decisions, of certain rights arising under Federal authority. *Central Land Co.* v. *Laidley*, 159 U. S. 103; *Marchant* v. *Pennsylvania R. R. Co.*, 153 U. S. 380.

The proceeding was brought under section 230, chapter 120, 3 Starr & Cur. Stat. of Illinois, 3501. This section provides:

"In any such suit or trial for forfeited taxes, the fact that real estate or personal property is assessed to a person, firm or corporation, shall be *prima facie* evidence that such person, firm or corporation was the owner thereof, and liable for the taxes for the year or years for which the assessment was made. and such fact may be proved by the introduction in evidence

of the proper assessment book or roll, or other competent proof."

It is the contention of the plaintiff in error in this court that this statute is unconstitutional, permitting assessment of those who may not be the owners of the property assessed, and con-. sequently a violation of the protection guaranteed by the Fourteenth Amendment to the Constitution of the United States. The adverse holding in the state court upon this proposition is the decision upon a Federal right which, it is asserted, gives jurisdiction to review the judgment in this court. The motion to dismiss raises the question whether this objection was properly reserved in the state court. Upon the constitutionality of this act the Supreme Court of Illinois said:

"It is also said that the foregoing section of the statute, under which the action is brought, is unconstitutional, but no authorities are cited or argument advanced in support of that assertion. The point, if it can be so considered, has therefore been waived."

In the petition for allowance of a writ of error, and the assignment of errors in this court, it is alleged that the Supreme Court of the State erred in holding that the constitutional objection had been waived. And the plaintiff in error appears to have put upon file here without leave the briefs and petition for rehearing below, in which it is insisted there is sufficient to show that the constitutional objection was not abandoned. But neither the petition for a rehearing or petition for writ of error in the state court after judgment, or assignments of error in this court, can supply deficiencies in the record of the state court, if any exist. *Simmerman* v. *Nebraska*, 116 U. S. 54. Nor does the certification of the briefs by the clerk of the state supreme court, which are no part of the record, help the matter. *Zadig* v. *Baldwin*, 166 U. S. 485. We are to try the case upon the duly certified record, legally made in the state court, and upon which its decision rests. *Powell* v. *Brunswick County*, 150 U. S. 433, 439.

An examination of the record discloses that the assignment

of errors in the Supreme Court of Illinois does not directly raise the point under consideration. It is referred to in the following language of the assignment of errors:

"The finding and judgment of the court were erroneous for the several reasons stated in the points filed in support of the motion to set aside the finding and grant a new trial." ·

If we may look to the motion filed in the trial court we find some thirty points assigned as grounds for a new trial. Those which may have application to Federal constitutional questions are found in paragraphs 26 and 27, which are:

"26. The statute under which this action is prosecuted is contrary to the Constitution of the United States.

"27. This proceeding under said statute is a taking of property without due process of law and otherwise unconstitutional."

The assertion that a judgment rests upon an unconstitutional state statute, the validity of which has been drawn in question and sustained, presents one of a class of cases which may be reviewed here. In the analysis of section 709 of the Revised Statutes of the United States, in *Columbia Water Power Co.* v. *Columbia Street Railway, &c. Co.*, 172 U. S. 475, 488, it was pointed out that cases of the character of the one now under consideration come within the second class of those provided for in the section: "Where is drawn in question the validity of a statute of, or an authority exercised under, any State on the ground of their being repugnant to the Constitution, treaties or laws of the United States, and the decision is in favor of their validity."

It has been frequently held that in cases coming within this class less particularity is required in asserting the Federal right than in cases in the third class, wherein a right, title, privilege or immunity is claimed under the United States, and the decision is against such right, title, privilege or immunity. In the latter class the statute requires such right or privilege to be "specially set up and claimed." Under the second class it may be said to be the result of the rulings in this court that if

the Federal question appears in the record in the state court and was decided, or the decision thereof was necessarily involved in the case, the fact that it was not specially set up will not preclude the right of review here. *Columbia Water Power Co.* v. *Columbia Street Railway &c. Co.*, 172 U. S. 475, and cases cited on p. 488. Nevertheless, it is equally well settled that the right of review, dependent upon the adverse decision of a Federal question, exists only in those cases wherein a decision of the question involved was brought in some proper manner to the attention of the court and decided, or it appears that the judgment rendered could not have been given without deciding it. *Fowler* v. *Lamson*, 164 U. S. 252; *Clarke* v. *McDade*, 165 U. S. 168, 172. In one of the latest utterances of this court upon the question under consideration, *Capital City Dairy Co.* v. *Ohio*, 183 U. S. 238, 248, Mr. Justice White, delivering the opinion of the court, said:

"It is well settled that this court, on error to a state court, cannot consider an alleged Federal question, when it appears that the Federal right thus relied upon had not been by adequate specification called to the attention of the state court and had not been by it considered, not being necessarily involved in the determination of the cause. *Green Bay & Miss. Canal Co.* v. *Patten Paper Co.*, 172 U. S. 52, 67; *Oxley Stave Co.* v. *Butler Co.*, 166 U. S. 648, 654, 655, and cases cited. Now, the only possible support to the claim that a Federal question on the subject under consideration was raised below, was the general statement in the answer to which we have already adverted, that 'this proceeding is in violation of the Constitution of the United States.' Nowhere does it appear that at any time was any specification made as to the particular clause of the Constitution relied upon to establish that the granting of relief by *quo warranto* would be repugnant to that Constitution, nor is there anything in the record which could give rise even to a remote inference that the mind of the state court was directed to or considered this question. On the contrary, it is apparent from the record that such a contention was not

raised in the state court. Thus, although at the request of the defendant below, the plaintiff in error here, the state court certified as to the existence of the Federal questions which had been called to its attention and which it had decided, no reference was made in the certificate to the claim of Federal right we are now considering."

The only authority called to the attention of this court by counsel for plaintiff in error as supporting the view that a Federal question was properly raised in this case is *Chicago, Burlington & Quincy R. R. Co.* v. *Chicago*, 166 U. S. 226, in which case it was contended that a statute of the State of Illinois, under which condemnation proceedings were had, was in violation of the Fourteenth Amendment to the Constitution of the United States. In that case it was distinctly asserted, in the motion for a new trial in the trial court, that the statute and rulings of the court and the verdict and judgment based thereon were contrary to the Fourteenth Amendment, declaring that no State should deprive any person of life, liberty or property without due process of law nor deny to any person within its limits the equal protection of the laws. In the assignment of errors in the Supreme Court of the State it was distinctly reasserted that these Federal rights had been denied by the proceedings in the trial court, and it was held in this court that while the Supreme Court of Illinois did not in its opinion expressly refer to the Federal constitutional rights asserted, the same were necessarily included in the judgment of the court and therefore the case was reviewable here. But how stands the present case? It is distinctly stated by the Supreme Court of Illinois (whose judgment is alone reviewable here), in the passage above quoted from its opinion, that no authorities were cited nor argument advanced in support of the assertion that the statute was unconstitutional, and that the point, if it could otherwise be considered, was deemed to be waived. If we look to the motion for a new trial, referred to in general terms in the assignment of errors when the case was taken to the Supreme Court of Illinois, we find the only

reference to a Federal constitutional question to be in paragraphs 26 and 27, above quoted from the motion for new trial in the court of original jurisdiction. Paragraph 26 simply states that the statute is contrary to the Constitution of the United States, without calling attention to the provision of that instrument whose protection is denied to the plaintiff in error, and is clearly insufficient. *Farney* v. *Towle*, 1 Black, 350. Paragraph 27 alleges that the statute takes the property without due process of law, and is therefore unconstitutional. If this vague objection (§ 27) may be taken as asserting a claim of right under the Federal Constitution, yet in the Supreme Court of Illinois, so far as the record discloses, there was neither authority cited nor argument advanced in support of the constitutional objection. There is nothing to prevent a party from waiving a Federal right of this character if he chooses to do so, either in express terms or as a necessary implication from his manner of proceeding in the cause. It is clear from the opinion cited that the state court based its decision upon other than Federal grounds and did not decide the constitutional question sought to be made here.

If the question was necessarily decided, notwithstanding the failure or refusal of the state court to expressly and in terms pass upon the matter, the case might be brought here. But in this case the state court expressly disclaims decision of the constitutional question, because it was not presented by proper proceedings. Our view of this record is that in so holding the state court did not err to the prejudice of the plaintiff in error.

*Writ of error dismissed.*