KNIGHT et al. v. LUTCHER & MOORE LUMBER CO. et al.

(Circuit Court of Appeals, Fifth Circuit. April 4, 1905.)

No. 1,401.

1. FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP—ALLEGATION AS TO CORPORATION.

The allegation, as to a corporation, for the purpose of showing a federal Circuit Court's jurisdiction on the ground of diverse citizenship, that it is a citizen of a certain state, is not enough. It should be shown it was created by the laws of that state.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 880.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

In a suit for an undivided half interest in a single tract of land alleged to be wrongfully withheld by the two defendants, there is no separa-

ble controversy, so as to allow removal to the federal Circuit Court, though the citizenship of plaintiffs and of only one of defendants is diverse.

[Ed. Note.—Separable controversy ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

In Error to the Circuit Court of the United States for the Western District of Louisiana.

A. J. Murff (M. J. Cunningham and Murff & Webb, on the brief), for plaintiffs in error.
J. D. Wilkinson and Mason Williams (T. Alexander, on the brief), for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge.   This action was brought by the plaintiffs in error against the defendants in error in the Twelfth Judicial District court of Louisiana to recover an undivided one-half interest in certain real estate described in the petition.   On the application of the defendants in error the cause was removed from the state court to the United States Circuit Court.   It was there tried, and judgment entered for the defendants in error, and thereupon the case was brought to this court by the plaintiffs on writ of error. The case was removed to the Circuit Court on the ground that it was a controversy between citizens of different states.   No claim to remove the case was asserted on any other ground.

It has been often decided, and has recently been repeated by the Supreme Court in Thomas v. Board of Trustees, 195 U. S. 207, 25 Sup. Ct. 24, that, "when jurisdiction depends upon diverse citizenship, the absence of sufficient averments, or of facts in the record, showing such required diversity of citizenship, is fatal, and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."   It is well settled that when the ground of removal is diversity of citizenship the party to the suit on one side, whether consisting of one or more persons, must have a citizenship different from that of the party on the other side, whether consisting of one or more persons.   25 Stat. 434, § 2 [U. S. Comp. St. 1901, p. 509]; Wilson v. Oswego Township, 151 U. S. 62, 14 Sup. Ct. 259, 38 L. Ed. 70.   The petition for removal shows that the plaintiffs are all citizens of the state of Louisiana, and it shows that Henry J. Lutcher, one of the defendants, is a citizen of the state of Texas, and it is alleged as to the other defendant: "The Lutcher & Moore Lumber Company was at the time of the commencement of this suit, and still is, a citizen of the state of Texas, and of no other state, residing in the city of Orange, in said state."   We have carefully examined the record to see if other portions of it will correct this defective averment.   We find in the petition filed by the plaintiffs in the state court a reference to the "Lutcher & Moore Lumber Company, a corporation, domiciled at Orange, Texas."   The question, therefore, presented

by the record, is whether or not these averments are sufficient to confer jurisdiction upon the Circuit Court.

The jurisdiction of a Circuit Court of the United States is limited in the sense that it has no jurisdiction except that conferred by the Constitution and laws of the United States. There is no claim that the court has jurisdiction of this case except upon the ground that it is a "controversy between citizens of different states." A suit by or against a corporation in a court of the United States is regarded as brought by or against its stockholders, all of whom are, for the purposes of jurisdiction, conclusively presumed to be citizens of the state which created the corporation. It follows that, to confer jurisdiction in this case, it should appear affirmatively from the record that the Lutcher & Moore Lumber Company is a corporation created by a state whereof the adverse parties are not citizens. Muller v. Dows, 94 U. S. 444, 24 L. Ed. 207. Where a corporation is sued, it is not enough, in order to give jurisdiction, to say that the corporation is a citizen of a state, naming it. It must appear by proper averment that the corporation was created by the laws of the state, for in no other way can it be, for the purposes of jurisdiction, a citizen of a state. Lafayette Insurance Co. v. French, 18 How. 404, 15 L. Ed. 451; Frisbie v. Chesapeake & Ohio Ry. Co. (C. C.) 57 Fed. 1; New York, etc., R. Co. v. Hyde, 56 Fed. 188, 5 C. C. A. 461; Lonergan v. Illinois Central R. Co. (C. C.) 55 Fed. 550; Pennsylvania v. Quicksilver Co., 10 Wall. 553, 19 L. Ed. 998. If it had been shown by the petition for removal, or in any other part of the record, that the Lutcher & Moore Lumber Company was, when the suit was begun, and still is, a corporation duly organized (or created, incorporated or chartered) under the laws of Texas, such averment would have been sufficient to have conferred jurisdiction upon the United States Circuit Court. To meet the requirement of the decisions of the Supreme Court to confer jurisdiction, it must appear that the corporation was created under the laws of the state. Moon on the Removal of Causes, § 163, and authorities there cited; Carter on Jurisdiction Fed. Courts, 195. There is no suggestion in the record that there is in the suit a separable controversy, but in the brief filed that claim is made. The suit is for an undivided one-half interest in a single tract of land alleged to be wrongfully held by the two defendants. In such case there is no separable controversy. Moon on the Removal of Causes, 406, § 143, and cases cited in note 3. The record failing to affirmatively show the jurisdiction of the Circuit Court, that court should have remanded the case to the state court. The costs should be awarded against the party wrongfully removing the cause. M. C. & L. M. R. Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462.

The judgment of the Circuit Court is reversed, with costs against the defendants in error, and the case is remanded to the Circuit Court, with instructions to proceed according to law and in conformity to the opinion of this court.