## FISHBLATT v. ATLANTIC CITY.

(Circuit Court, D. New Jersey. December 2, 1909.)

1. REMOVAL OF CAUSES (§ 4*) — SUITS REMOVABLE — CONDEMNATION PROCEEDINGS—"SUIT OF A CIVIL NATURE."
    Proceedings to condemn land for public use, instituted in a state court, constitute a "suit of a civil nature," which is removable, if the requisite jurisdictional facts appear.
    [Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 4.*
    For other definitions, see Words and Phrases. vol. 7, pp. 6779, 6780; vol. 8, pp. 7809, 7810.
    Proceedings under power of eminent domain as civil suits under laws relating to removal of causes to federal courts, see note to South Dakota Cent. Ry. Co. v. Chicago, M. & St. P. Ry. Co., 73 C. C. A. 183.]

2. REMOVAL OF CAUSES (§ 107*)—JURISDICTIONAL FACTS—BURDEN OF PROOF.
    The burden rests on a removing defendant to show diversity of citizenship, where jurisdiction of the federal court is dependent on such fact.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 230; Dec. Dig. § 107.*]

3. REMOVAL OF CAUSES (§ 52*)—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.
    Under the statutes of New Jersey, which provide for making a mortgagee a party to a proceeding for the condemnation of land for public use, both owner and mortgagee are indispensable parties and interested in the same questions, and the cause is not removable by the owner, on the ground of diversity of citizenship, where the mortgagee is a citizen of the same state as the petitioner, and it is immaterial that the owner alone appealed from the award.
    [Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 52.*
    Separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Proceeding by Atlantic City against Isabella S. Fishblatt. On motion to remand to state court. Motion granted.

Harry Wooten (Gilbert Collins, of counsel), for the motion.
Clarence L. Cole (John C. Bell, of counsel, and Emil Rosenberger, on the brief), opposed.

RELLSTAB, District Judge. The proceedings removed into this court were instituted by Atlantic City before a justice of the Supreme Court of the state of New Jersey, under the statutes of said state, for the purpose of condemning and taking a strip of land owned by Isabella S. Fishblatt. Commissioners to estimate the damages for the taking of such property were appointed, and on the coming in of their report an appeal was taken by the owner to the Atlantic circuit court, of said state, and thereupon she removed the entire proceedings into this court.

Such proceedings constitute a suit of a civil nature, as contemplated by Act March 3, 1875, c. 137, § 1, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, § 1, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508; 4 Fed. St. Ann. p. 265), and are removable to the United States Circuit Court by the landowner, if the necessary jurisdictional facts exist. Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462; Mason City R. R. Co. v. Boynton, 204 U. S. 570, 27 Sup. Ct. 321, 51 L. Ed. 629.

The matter in dispute exceeds in value the statutory minimum of $2,000, and the only question on this motion to remand is whether the record discloses the requisite diversity of citizenship. The burden of proof to show this jurisdictional fact is upon the party seeking the aid of this court. 18 Enc. Pl. & Pr. p. 297.

The petition for removal alleges that "the controversy in said action, and every issue of fact and law therein, is wholly between herself, a citizen of the state of Pennsylvania, and Atlantic City, New Jersey, a municipal corporation of New Jersey." This is not conclusive. Union Terminal Ry. Co. v. Ch. B. & Q. R. Co. (C. C.) 119 Fed. 209.

The record brought up with the petition shows the contrary. It evidences that the Camden Safe Deposit & Trust Company, a corporation of New Jersey, holds a mortgage upon the premises sought to be taken in these proceedings, and that Isabella S. Fishblatt is the owner thereof. See pages 8 and 65 of the typewritten record. In order to remove a cause from a state court into a federal court, upon the ground of diversity of citizenship, the defendant, or, if there be more than one defendant, all the defendants, must be nonresidents of the state wherein the suit is brought, or in case there is more than one defendant, and one of them is a citizen of the state in which suit is brought, then the party removing the cause must show, not only that he is a citizen of another state, but also that there is "a controversy which is wholly between citizens of different states, and which can be fully determined as between them," and that he is "actually interested in such controversy." See Act March 3, 1875, c. 137, § 2, 18 Stat. 470 (U. S. Comp. St. 1901, p. 509; 4 Fed. St. Ann. p. 312).

This separable controversy must be such that complete relief may be afforded the parties (of diverse citizenship) interested therein without the presence of any of the resident defendants. 18 Enc. Pl. & Pr. 209–211. In this cause, if the Camden Safe Deposit & Trust Company is a citizen of New Jersey, the cause is not removable, because the controversy is not the separable one contemplated by the statute. In condemnation proceedings such as these, the land and all rights therein are taken (P. L. N. J. 1894, p. 146), and if the mortgage covers all or any part of such property, both the mortgagee and the owner of the equity of redemption are indispensable parties to the suit. Each has an interest in the whole covered by such mortgage. No part of such mortgaged premises can be taken from one party without affecting the others' estate. A lienholder, in a controversy over the taking of the fee, cannot be separated from the owner of the equity of redemption. Id. pp. 221–222; Foster's Fed. Pr. (4th Ed.) pp. 1494–1497; Bissell v. Canada & St. L. Ry. Co. (C. C.) 39 Fed. 225.

The contention that the mortgagee was not a party to the proceedings on appeal to the state court, and therefore is not an indispensable party to the proceedings removed into this court, is not tenable. Under the statutes of New Jersey the name and interest of the mortgagee, as well as of the owner or occupant, must be set out in the petition invoking the powers of eminent domain. The mortgagee was entitled to notice of the hearing on such petition and before the commissioners after their appointment. It had the right to appeal from the report of such commissioners, and is entitled to at least a part of the award. P. L. N. J. 1900, p. 79, §§ 2, 3, 5, 8, 14; P. L. 1902, pp. 284, 319, 320, 322, §§ 70, 71, 74, 79; P. L. 1909, p. 225.

That the mortgagee did not appear before the commissioners, and did not become a party to the appeal in the state court, does not make it any less an indispensable party on removal to this court. It could be made a party to such appeal on its own application. P. L. N. J. 1902, p. 323, § 80; P. L. 1900, p. 83, § 10. If the mortgagee's interest continued after the appeal, it was in the same position as the owner to remove the cause into this court, if the necessary jurisdictional facts were made to appear. If the mortgagee removed the cause, the owner would be an indispensable party. Bissell v. Canada, etc., Ry. Co., supra.

For the same reason (indivisibility of interest), the mortgagee is an indispensable party, if the owner of the equity of redemption is the removing party. The record showing that the Camden Safe Deposit & Trust Company has an indispensable interest in the controversy removed into this court, the only question remaining is: Where is its citizenship? The original petition, filed in this cause by Atlantic City, refers to said company as "a corporation of the state of New Jersey." On behalf of Isabella S. Fishblatt it is said that this is not a sufficient averment of citizenship, and that, in the absence of a proper averment showing citizenship outside of the state, the court cannot determine that it is a citizen of the state of New Jersey. But this is not the test. The party invoking the jurisdiction of a federal court must show the necessary jurisdictional facts. Perhaps such an averment by

a petitioning corporation, seeking to remove a cause from the state court, would not be sufficient to show citizenship in another state. N. Y. & N. E. R. Co. v. Hyde, 56 Fed. 188, 5 C. C. A. 461; Pennsylvania v. Quicksilver Co., 10 Wall. 553, 19 L. Ed. 998; Frisbie v. C. & O. Ry. Co. (C. C.) 57 Fed. 1; Continental Wall Paper Co. v. Voight & Sons Co. (C. C.) 106 Fed. 550; Lafayette Ins. Co. v. French, 18 How. 404, 15 L. Ed. 451; Knight v. L. & M. Lumber Co., 136 Fed. 404, 69 C. C. A. 248.

In these cases the courts applied only the rule that the burden is upon the petitioner, who removes the cause, to show all the essential facts necessary to give the federal court jurisdiction. They held that, inasmuch as it was within the power of the petitioner to aver with certainty where the alleged company was incorporated, no intendment would be made to cure its omission. Jurisdiction cannot be invoked because it does not certainly appear that a given defendant is a natural or artificial person, or where he or it has citizenship. In the absence of a sufficient averment of citizenship to show diversity, jurisdiction is not established. 18 Enc. Pl. & Pr. 297, 304; Thayer v. Life Ass'n, 112 U. S. 717–719, 5 Sup. Ct. 355, 28 L. Ed. 864; Peper v. Fordyce, 119 U. S. 469, 7 Sup. Ct. 287, 30 L. Ed. 435. In case of doubtful jurisdiction, the cause should be remanded. 18 Enc. Pl. & Pr. 378.

The record showing that in the initial proceedings to condemn the land the mortgagee was made a party, and it not appearing that its interest had ceased at the time of the removal of such proceedings into this court, or that its citizenship was not in the state of which the actor in such condemnation proceedings is a municipality, the cause is remanded.