**ABBOTT v. EASTERN MASSACHUSETTS ST. RY. CO.**

Circuit Court of Appeals, First Circuit.
June 4, 1927.

No. 2108.

1. **Injunction ☞219—Contempt decree, based on violation of injunction in original proceeding, wherein court was without jurisdiction, is invalid.**

Where District Court was without jurisdiction to grant injunction in original equity proceeding, contempt decree, based on violation of injunction issued in such proceeding, is invalid.

2. **Courts ☞322(1), 329(2)—Bill failing to allege amount in controversy exceeded $3,000 and to allege diversity of citizenship held insufficient for federal jurisdiction (Judicial Code, § 24 [Comp. St. § 991]).**

Bill for injunction, failing to allege that amount involved, exclusive of interest and costs, exceeded $3,000, as required by Judicial Code, § 24 (Comp. St. § 991), and failing to contain allegations as to residence and citizenship of defendant or plaintiff, *held* insufficient to confer jurisdiction of federal court.

3. **Courts ☞322(1), 329(2)—Bill should specifically allege amount involved and diversity of citizenship to warrant federal jurisdiction.**

Allegations of bill in order to .warrant jurisdiction of federal court should be specific as to sum in controversy and diversity of citizenship.

4. **Pleading ☞43—Title or caption of bill does not remove objection to defects in pleadings.**

Title or caption of bill is no part of the bill, and does not remove the objection to defects in pleadings.

Appeal from the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Suit by the Eastern Massachusetts Street Railway Company against David Abbott. From a decree sentencing defendant for contempt of court for violating an injunction issued in such proceeding, defendant appeals. Reversed and remanded, with directions.

William A. Needham, of Providence, R. I., for appellant.

John W. Lowrance, of Boston, Mass. (Thomas H. Buttimer, Philip G. Carleton, and Franklin T. Hammond, Jr., all of Boston, Mass., on the brief), for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge. This is an appeal from a final decree of the District Court of Massachusetts sentencing the appellant (defendant below) to four months' imprisonment in the house of correction at Plymouth in contempt of court for violating its injunction issued in an equity proceeding brought by the appellee (plaintiff below) against the appellant.

In the equity proceedings it was alleged, in substance, that the plaintiff was a Massachusetts corporation operating a street railway and carrying passengers for hire over the public highways between the cities of Brockton and Taunton, Mass., and interme-

diate towns; that the defendant (appellant) was operating motorbusses over the highways between said cities and intermediate towns for the transportation of passengers for hire, receiving and discharging passengers along the route in a manner similar to that of the railway company, without having obtained a license (Gen. Laws Mass. c. 159, § 45, as amended by chapter 280, § 1, of the Acts of Mass. of 1925), without depositing with the proper authorities the required bond (chapter 159, § 46) and· without having obtained a certificate from the department of Public Utilities (chapter 280, § 2), as required by law; that the operation of said busses without having obtained said license and certificate, and without having deposited said bond and complied with said rules and regulations was a menace to public safety and constituted a nuisance; that the busses operate in unlawful competition with the plaintiff and subject it to great and irreparable loss and damage; and that the amount in controversy "will exceed the sum of $3,000."

The prayer is for a temporary restraining order, for a permanent injunction, for damages, and for general relief.

The bill was heard on the prayer for preliminary injunction, and, on March 8, 1926, an interlocutory decree was entered restraining the defendant.

October 27, 1926, the plaintiff filed a petition for attachment of the defendant, for contempt of court, and, after hearing, the defendant was adjudged in contempt and sentenced as above stated. It is from this sentence and decree that the appeal is taken.

The errors assigned and relied upon are, in substance: (1) That the District Court, as a federal court, was without jurisdiction, that it was without jurisdiction to issue the interlocutory injunction, as the bill in equity did not allege any ground of federal jurisdiction, and that it was without jurisdiction to enter the contempt decree in the attachment proceeding, as there was no valid outstanding injunction of which he could have been in contempt; and (2) that the District Court was without jurisdiction to enter the contempt decree, for the reason that the petition for attachment does not state whether the contempt charged is a criminal or civil contempt, and that, if it is for civil contempt, the court was without authority, and exceeded its jurisdiction in sentencing the defendant to imprisonment.

[1] It is and must be conceded that the contempt decree is erroneous, if the District Court was without jurisdiction to grant the injunction in the equity proceeding; for the injunction is the basis of the contempt decree and essential to its validity. Was the District Court without jurisdiction to grant the injunction?

[2, 3] There are no allegations in the bill for injunction presenting a federal question, so the court did not have jurisdiction on that ground. Apparently the plaintiff intended to ground federal jurisdiction upon diversity of citizenship and amount involved. The bill, however, contains no allegations as to the residence and citizenship of the defendant, and none as to the residence and citizenship of the plaintiff, other than that it is a corporation organized under the laws of Massachusetts,· with a usual place of business at Boston. The allegations as to the ·amount involved are not that "the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000," as required by the statute (Judicial Code, c. 2, § 24 [Comp. St § 991]) but, as above stated, simply that the amount in ,controversy "will exceed the sum of $3,000," making no mention of interest and cost. The allegations as to both citizenship and the amount involved are inadequate to confer jurisdiction on the court. The allegations of a bill should be specific as to these matters. Ex parte Smith, 94 U. S. 445, 24 L. Ed. 165; Turner v. Bank, 4 Dallas, 8, 1 L. Ed. 718; Atchison, T. & S. F. Ry. Co. v. Frederickson (C. C. A.) 177 F. 206; Thomas v. Ohio State University, 195 U. S. 207, 25 S. Ct. 24, 49 L. Ed. 160.

[4] The title or caption of the bill is no part of the bill, and does not remove the objection to the defects in the pleadings. Jackson v. Ashton, 8 Pet. 148, 8 L. Ed. 898.

Furthermore, there is nothing in the record, either allegation or proof, affirmatively showing what the defendant's residence and citizenship were on March 8, 1926, when the injunction, the validity of which is here in question, was issued.

The District Court being without authority to issue the injunction, the contempt decree is invalid, and must be reversed and the case remanded to the District Court, with directions to dismiss the attachment proceeding, and to dismiss the bill for an injunction, unless amended so as to confer jurisdiction.

We do not find it necessary to decide the other questions raised.

The decree of the District Court is reversed, and the case is remanded to that court, with directions to dismiss the petition for attachment, and to dismiss the bill for an injunction, unless it is so amended as to confer jurisdiction.