**SUMTER et al. v. SHEFFIELD et al.**

Civ. A. No. 1348.

United States District Court
S. D. Texas, Galveston Division.

July 2, 1952.

T. H. Sumter, Houston, Tex., for plaintiffs.

Stewart, Burgess & Morris, W. Carloss Morris, Jr., Houston, Tex., for defendants.

KENNERLY, Chief Judge.

This memorandum and order is entered with respect to plaintiffs' complaint filed in this Court December 28, 1951, as follows:

"This action is brought under the constitution and laws, statutes of fraud laws, and laws governing the conspiracy to defraud, and using the United States mail to defraud.

"For cause of action herein plaintiffs allege that heretofore to wit, on or about June 1, 1949, they were and still are the owners of the following described premises situated in Harris County, Texas,

being: Lot 1, Block 31, Section 'A', Meadowbrook Addition, an addition to the City of Houston, Harris County, Texas, according to the map or plat thereof recorded in Vol. 7, Page 72, of the map records of Harris County, Texas.

"On or about June 1, 1949, defendants presented a phony investment to the plaintiffs; an apartment building situated in Harris County, Texas, being: A tract of land out of the Henry Tierwester survey, Abstract No. 75 in Harris County, Texas, fronting 75 ft. on Blodgett Ave. and more particularly described as follows:

"Beginning at the Se corner of the G. E. Simpson 3.22 acre tract, at an iron stake driven into the ground at the north boundry line of Blodgett Ave. and at the SW corner of the Norris Wilks tract, thence north with the east boundry of the G. E. Simpson tract 130 ft. to the south boundry of the tract owned by the Houston Lighting & Power Co.; thence west with and along the south boundry of said Light Co's. tract 75 feet; thence south 130 feet to the north line of Blodgett Ave., thence East 75 ft. to the place of beginning and being the same tract conveyed by deed from Henry W. Morris and wife, Mary Louise Morris, to James E. Hogue, dated July 29, 1947, recorded in Vol. 1639, Page 484, of the deed records of Harris County, Texas.

"2.

"The defendants devised a 'trade' using the U. S. Mail and other criminal methods to close the 'deal' and defraud the plaintiffs of their homestead.

"Repeated efforts have been made to dispossess the plaintiffs of their homestead, using the mail and other criminal methods, in an attempt to complete the fraudulent transaction.

"An injunction is requested ordering the defendants to cease molesting the plaintiff's family or homestead in any manner whatsoever.

"3.

"That by reason of the defendant's actions, the plaintiff's have suffered great nervous and mental shock, embarrassment and loss. That they have been damaged in the full sum of $500,000.00, all of which has been caused by the actions of the defendants, and for which the defendants have become liable.

"Wherefore: plaintiff's pray for judgment in the full sum of $500,000.00 together with interest and cost of suit, and for all other and further relief that they may show themselves justly entitled to receive."

It clearly appearing that this Court is without jurisdiction of this case, in that:

(a) Plaintiffs' cause of action, if any they have, does not arise under the Constitution, Laws, or Treaties of the United States. See Section 1331, Title 28, U. S. Code Judiciary and Judicial Procedure, and Smith v. McCullough, 270 U. S. 456, 46 S.Ct. 338, 70 L.Ed. 682; 35 C.J.S., Federal Courts, § 80, p. 910; Hull v. Burr, 234 U.S. 712, 34 S.Ct. 892, 58 L.Ed. 1587; Doidge v. Cunard S.S. Co., 1 Cir., 19 F.2d 500; South Covington & C. St. Ry. Co. v. City of Newport, Ky., 259 U.S. 97, 42 S.Ct. 418, 66 L.Ed. 842; Woodhouse v. Budwesky, 4 Cir., 70 F.2d 61, certiorari denied, 293 U.S. 573, 55 S.Ct. 84, 79 L.Ed. 671; Harding v. State of Illinois, 196 U.S. 78, 25 S.Ct. 176, 49 L.Ed. 394; Polhemus v. American Medical Association, 10 Cir., 145 F.2d 357; Swank v. Patterson, 9 Cir., 139 F.2d 145; Jewell v. Cleveland Wrecking Co. of Cincinnati, 8 Cir., 111 F.2d 305; Ford Bros. & Co. v. Eddington Distilling Co., D.C., 30 F.Supp. 213; Marshall v. Desert Properties Co., 9 Cir., 103 F.2d 551; Jefferson v. Gypsy Oil Co., 10 Cir., 27 F.2d 304.

(b) There is not diversity of citizenship between all of the plaintiffs and all of the defendants. See Section 1332, Title 28, of such Code, and Alexander v. Westgate-Greenland Oil Co., 9 Cir., 111 F.2d 769, 35 C.J.S., Federal Courts, § 77, p. 905; Merserole v. Union Paper Collar Co., 17 Fed.Cas. page 153, No. 9,-488; Metropolis Theatre Co. v. Barkhausen, 7 Cir., 170 F.2d 481, certiorari denied, 336 U.S. 945, 69 S.Ct. 812, 93 L.

Ed. 1101; Abbott v. Eastern Massachusetts St. Ry. Co., 1 Cir., 19 F.2d 463; Bradstreet v. Thomas, 12 Pet. 59, 9 L. Ed. 999; Thomas v. Board of Trustees of Ohio State University, 195 U.S. 207, 25 S.Ct. 24, 49 L.Ed. 160; Muller v. Dows, 94 U.S. 444, 24 L.Ed. 207; Commonwealth of Pennsylvania v. Quicksilver Mining Co., 10 Wall. 553, 19 L.Ed. 998; Triangle Conduit & Cable Co. v. National Electric Products Corporation, D.C., 38 F.Supp. 533; Woodhouse v. Budwesky, 4 Cir., 70 F.2d 61.

(c) There is no other statute under which jurisdiction may be sustained.

(d) For the same reasons, this Court has no jurisdiction of defendants' counterclaim.

It is ordered that plaintiffs' suit and defendants' counterclaim both be and they are dismissed.

The clerk will furnish plaintiffs and defendants with a copy of this order.