## SOUTH - COVINGTON & CINCINNATI STREET RAILWAY COMPANY, ET AL. *v.* CITY OF NEWPORT, KENTUCKY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF KENTUCKY.

No. 203.   Argued April 13, 1922.—Decided May 15, 1922.

The bill alleged that the plaintiffs were corporations operating electric street cars and distributing electric current under perpetual franchises in the city; that under supervision and direction of the city authorities they constructed a high tension wire to obtain necessary additional current from another company; that afterwards the city council by resolution directed speedy removal of the wire, declaring it dangerous to life and property, contrary to the fact, and that, unless restrained, the city would forcibly remove and destroy it, thereby interfering with the operation of plaintiffs' railway, lighting and power systems, and causing them irreparable damage, in violation of their rights under the Contract Clause of the Constitution and the due process clause of the Fourteenth

9545°—23——7

Amendment; and prayed that the resolution be declared null and the city, its officers, etc., be enjoined from enforcing it, *Held:*

(1) That the bill set up a substantial federal question and conferred jurisdiction on the District Court. P. 99. *Des Moines* v. *Des Moines City Ry. Co.,* 214 U. S. 179, distinguished.

(2) That the jurisdiction, having attached, could not be defeated by an answer denying the city's intention to enforce the resolution except through an order of court. P. 100.

Reversed.

APPEAL from a decree of the District Court dismissing for want of jurisdiction a bill to restrain the defendant city from forcible removal and destruction of an electric wire.

*Mr. Alfred C. Cassatt,* with whom *Mr. Richard P. Ernst, Mr. Frank W. Cottle* and *Mr. Matt Herold* were on the briefs, for appellants.

*Mr. Brent Spence* for appellee.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

In their original bill appellants allege: That they hold perpetual franchises over certain streets in Newport, Kentucky, for operating street cars and distributing electric current; that in due course it became necessary for them to obtain an additional current from another company; and that to that end in 1915, under supervision and direction of the city authorities, they constructed a high tension wire extending from Central Bridge to their power house. That on November 20, 1917, the Board of Commissioners of Newport adopted a resolution which declared this current dangerous to life and property, and directed removal of the wire not later than December 1, 1917.

The bill further alleges that " unless restrained by this court defendant will forcibly remove and destroy said wire thereby interfering with the operation of the street rail-

way system and the electric lighting and power system above described, causing plaintiffs injury which cannot be compensated in money and to their irreparable damage," and that " it is not true that said wire is dangerous to either life or property and that said resolution is unreasonable and in violation of the rights of plaintiffs as hereinabove set forth; that it is an impairment of the obligations of the aforesaid contracts and each of them, in violation of Article I, Section 10 of the Constitution of the United States and is a taking of plaintiffs' property without due process of law in violation of the Fourteenth Amendment to said Constitution of the United States."

The relief prayed is that the resolution be declared null and that the City, its officers, agents and employees be enjoined from enforcing or attempting to enforce the same.

Relying upon *Des Moines* v. *Des Moines City Ry. Co.,* 214 U. S. 179, the court below dismissed the bill for want of jurisdiction. The cause comes here by direct appeal, and only the question of jurisdiction is before us.

Where, as here, the jurisdiction of a District Court has been invoked on the sole ground that the cause involves a federal question, and this is duly challenged, the issue must be determined by considering the allegations of the bill. If they distinctly disclose a real, substantial question of that nature, there is jurisdiction; otherwise there is none. *City Ry. Co.* v. *Citizens' Street R. R. Co.,* 166 U. S. 557, 562; *Pacific Electric Ry. Co.* v. *Los Angeles,* 194 U. S. 112, 118; *Columbus Ry., Power & Light Co.* v. *Columbus,* 249 U. S. 399, 406.

A mere formal statement that such question exists does not suffice. The allegations must show that " the suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction or application of the Constitution, or some law, or treaty of the United States." *American Sugar Refining*

*Co.* v. *New Orleans,* 181 U. S. 277, 281; *Hull* v. *Burr,* 234 U. S. 712, 720; *Norton* v. *Whiteside,* 239 U. S. 144, 147.

Properly understood, *Des Moines* v. *Des Moines City Ry. Co., supra,* is in harmony with these well-established principles. There the bill disclosed that the only affirmative action contemplated by the City was the institution of an orderly proceeding in court. Such action could not in any proper sense violate a right under the Constitution, laws or treaties of the United States. The bill did not, therefore, present a substantial federal question, and for that reason jurisdiction did not exist.

Here it is affirmatively alleged that the City intends forcibly to remove and destroy appellants' property and thereby violate their constitutional rights. This presented a substantial claim under the Constitution.

In an amended answer defendant denied intention to enforce the resolution except through an order of court. But the necessary facts having been alleged by the bill, jurisdiction could not be thus defeated. The denial went to the merits of the claim. *The Fair* v. *Kohler Die Co.,* 228 U. S. 22, 25; *St. Paul, M. & M. Ry. Co.* v. *St. Paul N. P. R. R. Co.,* 68 Fed. 2, 10.

The judgment below must be reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed.*

Mr. Justice Pitney concurs in the result.

Mr. Justice Brandeis and Mr. Justice Clarke dissent.