## DOWLING BROS. v. ANDREWS.

Circuit Court of Appeals, Seventh Circuit.
May 26, 1927.

Rehearing Denied July 22, 1927.

No. 3825.

1. **Internal revenue** ⊜⇒22—Declaration alleging whisky of certain value was lost because of wrongful conduct of prohibition director held to sufficiently aver damage.

Declaration in action to recover value of whisky alleged to have been lost by reason of defendant's acts while acting as national prohibition director, alleging that whisky was of a certain value and lost to plaintiff by wrongful conduct of defendant, *held* sufficient averment that plaintiff was damaged.

2. **Internal revenue** ⊜⇒22—Declaration alleging loss of whisky through willful misconduct of prohibition director held sufficient.

Declaration in action to recover value of whisky alleged to have been lost because of misconduct of defendant while acting as national prohibition director *held* to state good cause of action against defendant, in view of allegation that loss was caused through willful misconduct.

3. **Courts** ⊜⇒296—Right of action against prohibition director for loss resulting from alleged misconduct in violation of duties held not to "arise under federal law" (Judicial Code, § 24 [1], being Comp. St. § 991).

Right of action against national prohibition director for loss resulting from alleged misconduct in violation of his official duties *held* not to have arisen under laws of the United States, within meaning of Judicial Code, § 24 (1), being Comp. St. § 991, giving federal court jurisdiction in such cases.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Arise—Arising.]

4. **Courts** ⊜⇒280(8)—Jurisdiction of federal courts may be raised at any time (Judicial Code, § 274c [Comp. St. § 125ic]).

Question of jurisdiction of federal courts may be raised at any time, provision for amendment for purpose of showing diverse citizenship being made by Judicial Code, § 274c (Comp. St. § 1251c).

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Dowling Bros., a corporation, against Roscoe C. Andrews. Judgment sustaining a demurrer to the declaration, and plaintiff brings error. Reversed and remanded, with directions.

Elwood Hamilton, of Louisville, Ky., for plaintiff in error.

Edwin L. Weisl, of Chicago, Ill., for defendant in error.

Before ALSCHULER, EVAN A. EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Dowling Bros., a corporation organized under the laws of Kentucky, plaintiff, sued Andrews, defendant, to recover the value of whisky alleged to have been lost to plaintiff by the acts of defendant, while he was acting as national prohibition director. A general demurrer to the declaration was sustained, and a similar demurrer to the amended declaration was also sustained. Plaintiff elected to abide by its amended declaration; hence this appeal.

In addition to the question as to whether the declaration states any cause of action, defendant urges that the declaration fails to state necessary jurisdictional facts. The declaration avers that plaintiff was a corporation of the state of Kentucky, and that defendant was a resident of the state of Illinois. Citizenship is not averred. It is alleged that, by reason of certain happenings, not here material, whisky belonging to plaintiff, coming under the control of the prohibition director, had been lawfully. stored in a government approved warehouse in the city of Chicago; that plaintiff applied to the prohibition director to have the whisky in question transported from his control in the warehouse, where stored, to the possession of the plaintiff; that thereafter defendant wrote to the custodian of the warehouse directions to return the whisky to the warehouse of the plaintiff in Chicago; that defendant willfully and intentionally wrote the letter and delivered it to persons unknown to plaintiff, who were not agents, officers, or employés of plaintiff, with the intention that such persons should obtain said whisky unlawfully from said custodian and convert it to their own use, which they did; and that, at the time defendant delivered the order, he knew that the plaintiff had on file with him the name and address of the person authorized to act in plaintiff's behalf.

[1] Further allegations show that the value of the whisky so lost to plaintiff was $7,290, plus interest thereon. The original and the amended declarations were drawn by a practitioner in a Code state, and, considered as declarations under the Illinois practice, are very informal. There is no formal averment that plaintiff was damaged in any amount. It is alleged, however, that the whisky, of the value of $7,290, was lost to plaintiff by the wrongful conduct of defendant. We deem the declaration sufficient on that point.

[2] The case is argued as though plaintiff's right to recover depends upon the negli-

gence of defendant. There are such allegations in the declaration; but there is also in the declaration, as above set forth, the allegation that the whisky was lost to plaintiff by reason of the willful and intentional misconduct of the defendant. Although the letter, upon its face, appeared to be for a lawful purpose, it is alleged that the defendant, through his willful misconduct after the letter was written, caused the loss. On this point, we are satisfied that the declaration states a good cause of action.

[3] Jurisdiction is not based on diverse citizenship, and it is conceded that it is not sufficiently averred. It is urged that the declaration is based on section 24(1) of the Judicial Code (Comp. St. § 991), which gives jurisdiction in cases where the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000, and arises under the Constitution or laws of the United States. Whether the averments show that this is such a case must be considered.

In Maryland v. Soper (No. 1) 270 U. S. 9, 46 S. Ct. 185, 70 L. Ed. 449, considering the scope of section 33 of the Judicial Code (Comp. St. § 1015), pertaining to suits and prosecutions against revenue officers, etc., it was held that prohibition officers are within the provisions of that section; but it was not there held that a prohibition officer is entitled to the benefit of that act in defending against everything done by him while a prohibition officer. On the contrary, the Supreme Court said: "The prosecution to be removed under the section must have been instituted 'on account of' acts done by the defendant as a federal officer under color of his office or of the revenue or prohibition law. * * * It must appear that the prosecution of him, for whatever offense, has arisen out of the acts done by him under color of federal authority and in enforcement of federal law, and he must by direct averment exclude the possibility that it was based on acts or conduct of his not justified by his federal duty."

Further, indicating the same necessity, the court said: "It is enough if the prosecution for murder is based on or arises out of the acts he did under authority of federal law in the discharge of his duty and only by reason thereof." There are other expressions in the opinion to the same effect, and, because of the failure of the removal petitions to show that the act done, if done by the officers, was a part of their official duties or in the performance of them, the District Court was mandated to remand the case to the state courts.

In Cohens v. Virginia, 6 Wheat. 264, 379 (5 L. Ed. 257), the court said: "A case which arises under a law of the United States must, we are likewise told, be a right given by some act which becomes necessary to execute the powers given in the Constitution. * * * A case in law or equity consists of the right of the one party, as well as of the other, and may truly be said to arise under the Constitution or a law of the United States, whenever its correct decision depends on the construction of either." See, also, South Covington & C. St. R. Co. v. Newport, 259 U. S. 97, 42 S. Ct. 418, 66 L. Ed. 842.

In this case the suit is against the defendant as an individual, and the wrongful acts done by him, which are alleged to have caused the injuries sued for, seem to have been in the nature of a conspiracy, in which the letter, written by defendant as prohibition officer, taken at its full face value, could have had no part. It directed the return of the whisky in question to the warehouse of plaintiff. Instead of alleging that any step was taken to carry out the expressed purpose of that letter, the allegations are that it was willfully and wrongfully written and delivered with the intent of causing plaintiff to lose its whisky. We are of opinion that those are the only allegations which state a cause of action, and that the things it is alleged that Andrews did were not done pursuant to his official duties, but in violation of them, and that the right of action does not arise under any law of the United States.

[4] We are also of opinion that the declaration fails to show jurisdiction. While the question of jurisdiction may be raised at any time, it is urged, and not denied, that in this case it was not raised in the District Court. Section 274c of the Judicial Code (Act March 3, 1915, 38 Stat. 956 [Comp. St. § 1251c]) provides for amendments for the purpose of showing diverse citizenship.

The judgment is reversed, with leave to the plaintiff in the action to amend its declaration to show, if the facts warrant, federal jurisdiction, and, in case of such amendment, to overrule the demurrer here in issue, and in case such amendment is not applied for or made within reasonable time, to be fixed by the District Court, the suit to be dismissed for lack of federal jurisdiction. Costs in the Circuit Court of Appeals to be divided.

Reversed and remanded.