**HARNESS et al. v. CITY OF ENGLEWOOD et al.**

**No. 10651.**

District Court, D. Colorado.

May 7, 1936.

Archibald A. Lee and R. H. Blackman, both of Denver, Colo., for plaintiffs.

H. H. Davies, of Englewood, Colo., and Pershing, Nye, Bosworth & Dick (by Clyde C. Dawson, Jr.), of Denver, Colo., for defendants.

SYMES, District Judge.

During the argument on defendants' motion to dismiss the bill, the court of its own motion suggested the question of federal jurisdiction. That question was discussed and taken under advisement after paragraph 9 of the complaint had been amended. Both plaintiffs and defendants assert a federal question is involved, although the defendants argue the bill does not state a cause of action stated against them. They have submitted the jurisdictional question on the plaintiffs' memorandum of law.

The plaintiffs are residents and taxpayers of the city of Englewood, Colo., and of Water Main District No. 1 within said municipality. Some of the several defendants are residents of Colorado. Very briefly: The bill alleges that the city of Englewood is a municipal corporation organized under the laws of Colorado, and that the individual defendants are members of the city council, and the Monroe Electric Company an Illinois corporation. It seems that in August, 1932, the city council passed an ordinance for the acquisition of a municipally owned waterworks system to cost $275,000, payable in city revenue obligations secured by the income from said utility. An election was called and the plan approved, bids called for, the bid of the defendant the Monroe Electric Company accepted, and a contract entered into between it and the city by which the city is to pay

the electric company $375,000, more or less, in bonds in payment for the water plant and system. It is then alleged that for many reasons, such as changes in the specifications in the terms of the contract, increased cost, and for other reasons set forth in detail, the city had no authority to execute the contract, and that the proceedings violate the Constitution and laws of Colorado.

Paragraph 9, as amended, alleges that in 1925 there was created a special improvement district, Water Main District No. 1, within said city, and water mains and fire hydrants installed. The cost thereof was assessed to and is being paid by the property owners of said district, and that said mains are the property of the district and of the taxpayers including the plaintiffs. Next, that pursuant to the terms of the ordinance of 1935 providing for the acquisition of the water plant above referred to, the defendants will appropriate the said water mains, hydrants, etc., and use them in connection with the proposed water plant, making the same a part thereof without any compensation to the water district or the plaintiffs; thus depriving them of their property without due process of law, contrary to the provisions of the State Constitution, as well as the Fourteenth Amendment of the Constitution of the United States.

Paragraph 10 alleges that notwithstanding the invalidity of the proceedings and of the contract with the electric company, the defendants, unless enjoined, will issue $410,000 in waterworks revenue bonds, endeavor to get the same into the hands of innocent purchasers, commence the construction of the waterworks system under said illegal proceedings and contract, and waste the funds of the city of Englewood.

The federal courts of their own motion decline jurisdiction when it appears they have no jurisdiction of the subject-matter. Hughes, Federal Practice, § 246. There being no diversity of citizenship, jurisdiction here depends on whether a substantial federal question is presented. Title 28 U.S.C.A. § 71. The test is whether or not the relief sought will necessarily involve a construction of the Constitution or laws of the United States, to be determined from the allegations of the complaint.

Up to paragraph 9 the allegations involve only the authority of the city to enter into the contract which, in turn, raises the question of the validity of the proceedings leading up to it; that is, the enabling ordinances, the election, bidding, specifications, and in short compliance with the provisions of the State Constitution and statutes granting powers to municipalities and the manner of their exercise in this particular instance—matters over which this court has no jurisdiction in the absence of diversity of citizenship. As Mr. Justice Harlan said in Owensboro Waterworks Company v. Owensboro, 200 U.S. 38, at page 46, 26 S.Ct. 249, 252, 50 L.Ed. 361: "But, as between citizens of the same state, the Federal court may not interfere to compel municipal corporations or other like state instrumentalities to keep within the limits of the power conferred upon them by the state, unless such interference is necessary for the protection of a Federal right."

In paragraph 9 it is alleged that the city proposes to incorporate and use the existing system of water mains and hydrants in Water District No. 1 in the new municipal water system, and apply the revenues therefrom to the payment of the proposed revenue bonds.

The factual situation presented discloses there is to be no interference with the water service enjoyed by the plaintiffs. Although not clearly stated, I assume the plaintiffs are liable for and pay a yearly assessment to defray the cost of installing the water pipes, and in addition pay for the water consumed. It is this latter revenue only that the city proposes to pledge as security for the new revenue bonds. The pipes are not to be removed or the title thereto alienated. The water therefor is to be supplied by a new water plant. The plaintiffs do not claim, nor do I understand that they own the water pipes or have any interest therein other than a right to be served thereby, which admittedly is not interfered with. No authority is cited to the proposition that taxpayers within a municipal improvement district own the improvements, whether they consist of water pipes, curbing, sewers, etc. How can plaintiffs complain where the municipality obtains the water it supplies through these mains, provided there is no increase in the assessments, or the amount that the plaintiffs are liable for. The allegation is

that the charges plaintiffs pay for water, as distinguished from the assessments, are to be pledged. So assuming that they will still continue to get water at the same rates, and that the title to the water mains wherever it may be, and the assessments that are paying for the same are not disturbed or pledged, what are they deprived of?

■ In United States Building & Loan Ass'n v. McClelland (D.C.) 6 F.Supp. 299, in reliance upon Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 F.(2d) 152, this court held that one invoking the due process clause must state the specific property right affected, and that the court may dismiss for want of a substantial Federal question essential to jurisdiction, in the absence of diverse citizenship. And in Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322, it was held that general allegations of irreparable damage, due process of law, etc., are not sufficient in the absence of a statement of facts sufficient to warrant such conclusion.

In United Fuel Gas Co. v. Railroad Commission, 278 U.S. 300, at page 310, 49 S.Ct. 150, 152, 73 L.Ed. 390, it was stated: "Suitors may not resort to a court of equity to restrain a threatened act merely because it is illegal or transcends constitutional powers. They must show that the act complained of will inflict upon them some irreparable injury." The bill does not comply with this rule. See, also, South Covington Ry. Co. v. Newport, 259 U.S. 97, 42 S.Ct. 418, 66 L.Ed. 842.

■ In the final analysis the gravamen of the complaint is that the proceedings and acts of the city and its officials violates the Constitution and laws of the state. This does not confer federal jurisdiction. It is argued that rights of the plaintiffs, guaranteed by the Federal Constitution, are about to be impaired by the wrongful act of individuals, unsupported by state authority, or any law or judicial or executive proceedings. According to Barney v. City of New York, 193 U.S. 430, 24 S.Ct. 502, 504, 48 L.Ed. 737: " 'The wrongful act of an individual, unsupported by any such authority, is simply a private wrong, * * * whether they affect his person, his property, or his reputation; but if not sanctioned in some way by the state, or not done under state authority, his rights remain in full force, and may presumably be vindicated by resort to the laws of the state for redress.' "

■ In that case it was held that where is appears on the face of the plaintiff's own statement of his case that the act complained of was not only unauthorized, but forbidden by the state legislation in question, the lower federal court rightly dismissed the suit. So here the plaintiffs' grievance is not that any law of the state impinges upon their federal rights, but rather that the municipality and its officials have violated the State Constitution and laws. Therefore, if the water mains within the district belong either to the district itself or to the taxpayers and not to the city, the action of the city in pledging the revenues therefrom is, as alleged void, so no harm is done. The case cited in the memorandum, Hamilton Gaslight & Coke Co. v. Hamilton City, 146 U.S. 258, 13 S.Ct. 90, 36 L.Ed. 963, is not in point. There it was distinctly stated that a municipal ordinance, not passed under supposed legislative authority, cannot be regarded as a law of the state within the meaning of the constitutional prohibition against state laws impairing the obligations of contracts (article 1, § 10), and that a suit to prevent the enforcement of such an ordinance would not therefore be one arising under the Constitution of the United States. The jurisdiction was sustained, however, because the question was the construction and application of an admittedly valid state enactment.

■ Likewise, in Mosher v. Phœnix, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148, it is stated that where a petitioner alleged the proceedings complained of were void under the state law, a substantial federal question was not presented, but that the appeal to the Fourteenth Amendment being based upon an allegation that the action of the city complained of was taken under the authority of the "ordinances, resolutions and acts," a federal question might be involved. True in the case at bar such an allegation is made, but the facts pleaded belie the assertion. All the plaintiffs show is that the city proposes to enlarge its water plant and to connect the water pipes referred to in the bill with the new system, without in any way affecting the title thereto, increasing the plaintiffs' liability for assessments, or charging it with any part of the cost of

the new work. The proposed revenue bonds are to be secured by the water revenues of the city. No charge or lien is to be put on the plaintiffs' property or the water pipes in question, so what the city does with the money the plaintiffs and others pay it for water, does not involve a substantial federal question.

The case should be remanded to the state court, and it is so ordered.