421 F.Supp. 45 (1976)
Robert GIRARDIER and Susan L. Luzkow, Plaintiffs,
v.
WEBSTER COLLEGE, Defendant.
No. 75-1157 C(1).
United States District Court, E. D. Missouri, E. D.
September 16, 1976.
As Amended November 15, 1976.
*46 Ronald S. Preuss, Anderson, Fredrick, Preuss, Eickhorst & Geissal, Clayton, Mo., Frank Susman, Susman, Schermer, Willer & Rimmel, St. Louis, Mo., for plaintiffs.
Wayne L. Millsap, Millsap, Weil, Eyerman & Schenberg, Clayton, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This action is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction. For the reasons stated below, the motion will be granted.
Plaintiffs were students at defendant college and had received loans from the college to finance their educations. The debts were later discharged in separate bankruptcy proceedings. Subsequently plaintiffs submitted requests for certified copies of their college transcripts and tendered the requisite fee. Their requests were refused.
Plaintiffs have brought this action under the Bankruptcy Act, 11 U.S.C. § 1, et seq., alleging federal jurisdiction under 28 U.S.C. § 1331, § 2(a)(15) of the Bankruptcy Act, 28 U.S.C. § 1334, and the "Buckley Amendment", 20 U.S.C. § 1232g.
Plaintiffs contend that this Court has jurisdiction of their claim under 28 U.S.C. § 1331, providing for jurisdiction of actions arising under federal law, by reason of defendant's alleged violation of section 14(f)(2) of the Bankruptcy Act. Section 14(f)(2) provides that an order of discharge shall
"(2) enjoin all creditors whose debts are discharged from thereafter instituting or *47 continuing any action or employing any process to collect such debts as personal liabilities of the bankrupt."
Plaintiffs allege that defendant's refusal to issue certified copies of their college transcripts to them solely because of their failure to pay a student loan which was discharged in bankruptcy is a violation of the above statute.
It is a well settled rule of law that federal jurisdiction under 28 U.S.C. § 1331 cannot be invoked by formal statements alone. Plaintiffs' allegations must distinctly disclose a real and substantial question of a federal nature. Blumenstock Bros. Advertising Agency v. Curtis Publishing Co., 252 U.S. 436, 40 S.Ct. 385, 64 L.Ed. 649 (1919); South Covington Railway Co. v. Newport, 259 U.S. 97, 42 S.Ct. 418, 66 L.Ed. 842 (1921). The case must arise "directly" under federal law. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).
In Russo v. Kirby, 453 F.2d 548 (2nd Cir. 1971), the Court held that a case "arises under" a federal jurisdictional statute if particular facts are alleged to show that a federal law creates a duty or a remedy. The plaintiff had alleged jurisdiction under 28 U.S.C. § 1337 (claim arising under Act of Congress regulating commerce). The same conclusion was reached by the court in T. B. Harms Co. v. Eliscu, 339 F.2d 823 (2nd Cir. 1964), cert. denied, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965), with respect to 28 U.S.C. § 1338 in a copyright case. The Court held that an action "arises under" a federal statute
". . . if and only if the complaint is for a remedy expressly granted by the Act, . . . or asserts a claim requiring construction of the Act, . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." (at 828).
The plaintiffs here fail to cite a duty or invoke an express remedy created by the Bankruptcy Act.
The Act expressly provides that an order of discharge enjoins the institution of any "action" or employment of any "process" to collect discharged debts. Plaintiffs do not allege that any such action or process has been instituted and, therefore, have not alleged sufficient grounds for subject matter jurisdiction.
Plaintiffs also contend that this Court has jurisdiction of their claim under the ancillary jurisdiction provisions of the Bankruptcy Act, particularly 11 U.S.C. § 11(a)(15). Section 11(a)(15) provides that federal courts are vested with such jurisdiction as will enable them to
"Make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this title: . . ."
It was held in Gonzalez Hernandez v. Borgos, 343 F.2d 802 (1st Cir. 1965), that the purpose of 11 U.S.C. § 11(a)(15) is to "give the court power to protect its custody of the estate and the administration thereof". (at 807). There is clearly no issue here of the court's custody or administration of the plaintiffs' estates. Accordingly, plaintiffs fail to establish jurisdiction under 11 U.S.C. § 11(a)(15). Assuming arguendo that the statute does apply to the facts here presented, plaintiffs' claim just fails under the rule of Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934), which limits the federal courts' exercise of ancillary jurisdiction to those cases presenting "unusual circumstances". Here, no "unusual circumstances" exist. Therefore, this Court would not assume jurisdiction of plaintiffs' claim.
Plaintiffs further contend that this Court has jurisdiction of their claim under 28 U.S.C. § 1334, which provides that the district courts shall have original jurisdiction of "all matters and proceedings in *48 bankruptcy". Plaintiffs cite In re Bowen, 222 F.Supp. 97 (N.D.Ga.1963), in support of their contention that the controversy is a "matter and proceeding in bankruptcy", because the purpose of the defendant's refusal to issue a copy of the plaintiffs' transcripts is to collect a previously discharged debt. The facts here are distinguishable from those in the cited case. In In re Bowen, supra, the bankrupt asked the district court to enjoin the defendant from bringing a legal action to enforce an elected money judgment obtained in a trover action. Here we have no such threatened suit or legal proceeding. In the absence of the threat of some judicial enforcement procedure, this Court does not have jurisdiction of plaintiffs' claim under 28 U.S.C. § 1334.
Finally, plaintiffs' claim under 20 U.S.C. § 1232g must be denied. The "Buckley Amendment" provides that all students and their parents have the right to access, inspection, and review of student educational records. Failure to comply with the statute results in the termination of federal aid to the offending educational institution. Even if section 1232g gave rise to a private cause of action, this Court clearly has no jurisdiction under this statute, since the right granted is for the inspection of records by students and their parents, not for the release of records to outside parties.
Accordingly, this Court does not have jurisdiction of plaintiffs' claim and defendant's motion to dismiss will be granted. This is a matter for the state courts.