Kenneth ROBERTS, Ernest Meunier, Anthony Nappi, William I. Moore and Transwestern International, Inc., Plaintiffs,

v.

The Honorable William P. CLARK, Secretary, United States Department of the Interior, Defendant.

Civ. A. No. 84–K–2361.

United States District Court, D. Colorado.

Aug. 29, 1985.

Clement Theodore Cooper, Washington, D.C., Martin E. Long, Denver, Colo., for plaintiffs.

Patricia N. Young, General Litigation Section Land and Natural Resources Div., Dept. of Justice, Washington, D.C., James W. Winchester, Asst. U.S. Atty., Denver, Colo., for defendant.

## ORDER

KANE, District Judge.

In a series of administrative and judicial decisions, defendant invalidated plaintiffs' unpatented mining claims and quieted title to the public land involved in the United States. Plaintiffs appealed those decisions, and the United States prevailed in all proceedings. *Roberts v. Andrus*, 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977); *Roberts v. Morton*, 549 F.2d 158 (10th Cir. 1977); *United States v. Zweifel, et al.*, 508 F.2d 1150 (10th Cir.1975); *Roberts v. Morton*, 389 F.Supp. 87 (D.Colo.1976).

Plaintiffs then brought suit in the United States Court of Claims charging that defendant had breached his duties under the public trust doctrine by his conduct in invalidating the claims. The Claims Court granted the government's motion to dismiss, noting that "[a]lthough plaintiffs have given titles to their causes of action and have varied somewhat the allegations of government wrongdoing, the fact remains that the basic issue in this case is the validity of plaintiffs' unpatented mining claims." *See* Plaintiffs' statement of material facts, p. 17.[1] The Court of Appeals for the Federal Circuit affirmed that dismissal in February of 1984.[2]

The complaint now before me requests the following relief: (1) $1,346,390,400.00 in damages due to breach of contract; (2)

1. Plaintiffs apparently quote from the June 3, 1983, United States Claims Court opinion granting the government's motion to dismiss, at page 16. Due to plaintiffs' improper citation practices throughout their briefs, I have no name or citation for this case. Plaintiffs merely cite to exhibit # R, pp. 244–45. No exhibits were submitted to this court with the moving papers. I note this by way of pointing out my frustration in trying to understand plaintiffs' pleadings, not by way of inviting them to submit the exhibits at some later date.

2. Again, plaintiffs' did not provide me with the name or citation of this decision. On page 17 of plaintiffs' statement of material facts they refer to exhibit # S, pp. 246–248. On page 13 of plaintiffs' brief in opposition to defendant's motion to dismiss they refer to exhibit # Z, pp. 289–292.

three hundred billion dollars in damages due to breach of fiduciary duty, bad faith and unfair dealing; (3) unascertained damages and relief from judgment for defendant's breach of duties arising out of common law public land trust; (4) damages arising out of inverse condemnation and in mandamus to compel payment for unjust taking; and (5) an accounting by trustee under common law public land trust. Defendant has moved to dismiss the complaint for lack of jurisdiction. For numerous reasons, I grant defendant's motion to dismiss.

## I.

■ Jurisdiction has been invoked under 28 U.S.C. § 1331 and pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. Before this court can take jurisdiction, it must appear in the complaint, by a statement of facts, in legal and logical form, that the suit is one which involves a dispute as to a right created by the Constitution, laws, or treaties of the United States. *Shoshone Mining Company v. Rutter*, 177 U.S. 505, 20 S.Ct. 726, 44 L.Ed. 864 (1900). That right or immunity must be an element, an essential one, of plaintiff's cause of action. *Pan American Petroleum Corporation v. Superior Court of Delaware*, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961); *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974). Jurisdiction does not arise simply because an averment as to the existence of a constitutional question is made, if it plainly appears that the averment is not real and substantial, but is without color of merit. *Newburyport Water Company v. City of Newburyport*, 193 U.S. 561, 24 S.Ct. 553, 48 L.Ed. 795 (1904). When jurisdiction under 28 U.S.C. § 1331 is challenged, the issue must be determined by considering the allegations of the complaint. If the allegations disclose a real, substantial federal question, there is jurisdiction. *South Covington & C. Street R. Co. v. Newport*, 259 U.S. 97, 42 S.Ct. 418, 66 L.Ed. 842 (1922).

■ In examining a motion to dismiss, however, the complaint is to be construed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct.

1683, 40 L.Ed.2d 90 (1974); *Olpin v. Ideal National Insurance Company*, 419 F.2d 1250 (10th Cir.1969), *cert. denied*, 397 U.S. 1074, 90 S.Ct. 1522, 25 L.Ed.2d 809 (1970). When reviewing the sufficiency of the complaint, the issue is not whether the plaintiff is likely to prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer, supra.* If the claim is patently unsound and without merit, the court may be justified in dismissing the complaint for want of jurisdiction. *Duke Power Company v. Carolina Environmental Study Group, Inc.* 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978); *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1933).

## II.

I note at the outset that it is difficult to imagine a more confusing complaint. I have struggled to ascertain plaintiffs' intention in framing their ninety-page complaint. On the one hand, plaintiffs repeatedly assert that they do not seek review of issues previously determined, such as the validity of the mining claims, but are merely raising new issues such as defendant's misconduct and breach of fiduciary duties. On the other hand, plaintiffs seek a judgment or order vacating previous judgments or orders under Rule 60(b)(3) and raise countless underlying issues which were resolved in earlier proceedings. For the sake of completeness, I will attempt to read the complaint both as a Rule 60(b) motion for relief for judgment (either under (b)(3) or on independent grounds) and as an independent cause of action for damages based on the alleged "misconduct" of the government.

## III.

■ 28 U.S.C. § 2401(a) requires that civil actions against the United States must be filed within six years after the right of action first accrues. The actions or alleged "misconduct" of the government upon which this complaint is based all occurred from the 1950's through 1974. Even the most liberal interpretation of the statute of

limitations would find that the statute could not have begun to run any later than 1977, the year in which the Supreme Court denied certiorari. Further, plaintiffs' alleged filing of a suit in the United States Court of Claims did not toll the running of that limitations period. Thus, reading the complaint in the most favorable light to the plaintiffs, as presenting new causes of action and seeking damages, the complaint was not filed within six years after the first four causes of action accrued. Claims one through four are thus barred by the statute of limitations.[3]

### IV.

■ Now I turn to examine plaintiffs' request for relief from judgment pursuant to Rule 60(b)(3). That rule provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

Plaintiffs' motion for relief under Rule 60(b)(3) must be denied because the rule also provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Plaintiffs' "complaint to set aside judgment" was not filed within one year of any alleged fraud or misconduct of any party.

■ Even assuming, arguendo, that plaintiffs have pleaded an independent action for relief from judgment, and are not subject to the one-year limitations period, relief may not be granted. None of the requirements for an independent action in equity to relieve a party from judgment have been met. *See* defendant's brief in support of its motion for dismissal, pp. 13–15. As defendant points out, the alleged fraud or concealment is not fraud upon the court which prevented plaintiffs

from obtaining the benefit of their defense. Plaintiffs' motion for relief from judgment is denied.

### V.

■ Defendant also argues that plaintiffs' claims are barred by res judicata. To establish that a lawsuit is precluded on these grounds, a party must establish: (1) that the same parties or parties in privity with them were present in the prior litigation; (2) that a court of competent jurisdiction entered a final judgment on the merits; and (3) that the action concerns the same subject matter as the prior suit. *Delve v. Three Lakes Water & Sanitation District,* 568 F.Supp. 662 (D.Colo.1983); *Sworob v. Harris,* 451 F.Supp. 96 (E.D.Pa. 1978). To the extent that some of plaintiffs' claims request relief from prior judgments and reinstatement of plaintiffs' mining claims, they do concern the same subject matter as the prior suits. Thus, action by this court on those claims is barred under the doctrine of res judicata.

### VI.

■ In the alternative, I also find that the allegations in plaintiffs' complaint, even when taken as true, do not state any claims upon which relief can be granted. Plaintiffs' first claim alleges that defendant "unilaterally agreed" to enter a formal contract to place money from competitive leasing in escrow pending resolution of the rights of the parties. If plaintiffs are alleging defendant breached his "unilateral agreement" to make a formal contract, the charge is absurd and demonstrates a fundamental misunderstanding of contract law. If plaintiffs are alleging a breach of the escrow agreement, the charge is equally absurd since plaintiffs did not prevail in the proceedings concerning the validity of the mining claims.

---

**3.** Plaintiffs' fifth cause of action simply requests this court order an accounting upon my determination of the existence of a common law public land trust. It is, therefore, a request for a remedy upon finding a breach of duties under the trust, and does not set forth an independent cause of action.

■ Plaintiffs' second and third claims also fail to state claims upon which relief can be granted because they do not establish any fiduciary duties on the part of defendant, either as Secretary of the Interior or under the "public land common law trust" doctrine. Further, there are no facts presented which indicate bad faith on the part of the defendant at any time. The arguments are convoluted and do not rise to the threshhold level of credibility which warrants me to allow plaintiffs to present evidence to support their claims.

■ In their fourth cause of action, plaintiffs argue that the prior decisions invalidating their mining claims constitute condemnation in violation of the Fifth Amendment. They offer no support of this contention, probably because none exists. Plaintiffs' rights to the mining claims were never established. Therefore, plaintiffs could not be unduly deprived of their rights.

Read in every imaginable fashion, the complaint in this action fails to set forth the jurisdiction of this court. Plaintiffs are obviously unhappy with the outcome of the prior decisions regarding the validity of their mining claims. This does not give them the right, however, to file convoluted pleadings in an attempt to obtain this court's jurisdiction where there clearly is none.

It is therefore ORDERED that the complaint and civil action in this case be dismissed.