James CONWAY, Plaintiff,

v.

Pamela JOHNSON, M.D., Joe Vatter, M.D., Daniel Buhler, M.D., Oakland Police Officer A. Boyuvich (Badge # 353), and Oakland Police Officer R. Hassan (Badge # 645), Defendants.

No. C–86–7267 SAW.

United States District Court, N.D. California.

May 21, 1987.

James Conway, in pro per.

Oakland City Attorney's Office, Krisida Nishioka, Oakland, Cal., for defendants.

## ORDER

WEIGEL, District Judge.

Plaintiff James Conway alleges in his complaint that defendants conspired to have him refused admission to Merritt Hospital on December 28, 1985. Conway filed his complaint on December 30, 1986, two days after the expiration of the one-year statute of limitations. Accordingly, the Court on March 12, 1987 dismissed the complaint without leave to amend. Plaintiff Conway now moves for reconsideration of the order of dismissal and for leave to amend his complaint.

Conway's motion for reconsideration is based upon an alleged oversight on his part in not notifying the Court of essential facts prior to its ruling on defendants' motion to

dismiss. Conway states that because of his lack of legal skill and experience, he inadvertently failed to ask the Court to take judicial notice of ¶ 78 of a complaint he has filed in state court, in which Conway alleges that on May 26, 1986, Dr. Eugena Gary refused him admission to Providence Hospital in furtherance of the conspiracy between the defendants in the action before this Court. The state court complaint was appended to the defendants' memorandum in support of their motion to dismiss. Conway argues that under the "last act" doctrine, his cause of action for conspiracy accrued when he was refused admission to Providence Hospital on May 26, 1986, rather than on December 28, 1985, when he was refused admission to Merritt Hospital. Therefore, he concludes, his action is not yet barred by the one-year statute of limitations.

■ Conway's argument is deficient in several respects. First, the Court's judgment of dismissal is not rendered incorrect by the presence in the file of the state complaint and its allegation of wrongdoing on May 26, 1986. The Court properly confined itself to the federal complaint in analyzing defendants' motion for dismissal for failure to state a claim.

■ Second, Conway's claim of inadvertent oversight appears disingenuous. He vigorously opposed dismissal on the basis of the statute of limitations in a memorandum filed March 10, 1987, two days before the Court dismissed the action. He had every incentive and, it would seem, adequate prompting, to bring to the Court's attention in that memorandum any facts inadvertently omitted from the complaint that would extend the limitations period. Yet he failed to mention the alleged wrongful acts of May 26, 1986 in either his memorandum or his oral argument on the motion.

■ Third, courts generally deny relief from judgment under Fed.R.Civ.P. 60(b)(1) for mere carelessness. 7 *Moore's Federal Practice* ¶ 60.22[2], at 60–181. Conway has designated his motion as one to alter or amend a judgment under under Rule 59(e). However, there is "considerable overlap" between Rules 59(e) and 60(b). 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2817, at 110. A motion designated as governed by Rule 59 but stating grounds under Rule 60 may be decided under the latter rule. 7 *Moore's Federal Practice* ¶ 60.18[8], at 60–138—60–139.

■ A separate ground for denying Conway's motion is his failure to serve notice of it upon defendants Vatter and Johnson.

■ Finally, Conway argues that the Court should have given him leave to amend his complaint under *Noll v. Carlson*, 809 F.2d 1446 (9th Cir.1987). *Noll* holds that a pro se plaintiff's complaint should not be dismissed unless it "clearly appears from the complaint that the deficiency cannot be overcome by amendment." *Id.* at 1448. When defendants' motion to dismiss was before the Court, the only wrongdoing alleged in Conway's complaint was an incident on December 28, 1985. The complaint was filed on December 30, 1986, after the expiration of the one-year statute of limitations. Thus, it "clearly appeared from the complaint" that its deficiency could not be overcome by amendment. *See Noll*, 809 F.2d at 1448.

Moreover, the policy underlying *Noll* is inapplicable here. *Noll*'s overarching concern is that pro se litigants receive notice of deficiencies in their complaints and a chance to respond by memorandum or amendment prior to dismissal with prejudice. Conway was on notice shortly after February 10, 1987, one month before the judgment, that defendants sought dismissal under the statute of limitations. Conway filed two memoranda in opposition to dismissal. In neither of those memoranda, nor in oral argument, did he mention the alleged acts of May 26, 1986.

Finally, denying the current motion will not prevent Conway from filing a new action encompassing the alleged incident on May 26, 1986, provided he does so before the expiration of the limitations period on May 26, 1987. Moreover, Conway has

brought an action in state court, nearly identical to this one, in which he may be able to obtain the relief he seeks here.

For the foregoing reasons,

IT IS HEREBY ORDERED that Conway's motion for reconsideration and for leave to amend his complaint is denied.