5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harold KNIGHT, Reverend; Darrel Hawkins; Candace Kay
Knight-Hawkins; Virginia Clinton, Plaintiffs-Appellants,
v.
STATE of Kansas; Robert T. Stephan, as Attorney General and
as an individual; Kansas Department of Health and
Environment; Stanley C. Grant, as an Agent of the State of
Kansas and as an individual; William Anderson, as an Agent
of the State of Kansas and as an individual; Sedgwick
County; Leola Lindahl, as an Agent of the State of Kansas,
as an Agent of Sedgwick County, Kansas, and as an
individual; Nancy Jensen, as an Agent of the State of
Kansas, as an Agent of Sedgwick County, Kansas, and as an
individual; Dr. Fred Tosh, Defendants-Appellees.
Harold KNIGHT, Reverend, Plaintiff-Appellant,
v.
CITY OF WICHITA; Sedgwick County, Kansas; State of Kansas;
Robert Watson, as an Agent of the City of Wichita, Kansas,
as an Agent of Sedgwick County, Kansas, as an Agent of the
State of Kansas, and as an individual; Mike Hill, as an
Agent of Sedgwick County, Kansas, and as an individual;
Robert Stephan, as Chief Law-enforcer of the State of
Kansas, as Attorney General of Kansas, and as an individual;
Russel E. Smith, as an Agent of the City of Wichita,
Kansas, and as an individual; Nelson L. Mosley, as an Agent
of the City of Wichita, Kansas, and as an individual; Joan
Pulliam, as an Agent of the City of Wichita, Kansas, and as
an individual; Eva Johnson, as an Agent of the City of
Wichita, Kansas, and as an individual; the Wichita
Eagle-Beacon Newspaper; Joan Zumwalt, as an Agent of the
City of Wichita, Kansas, and as an individual, Defendants-Appellees.
 Nos. 92-3363, 92-3370.
 United States Court of Appeals, Tenth Circuit.
 Aug. 27, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON,** District Judge.[1]
 
 ORDER AND JUDGMENT[2]
 BALDOCK
 
 2
 Plaintiffs-Appellants Reverend Harold Knight, Darrel Hawkins, Candace Kay Knight-Hawkins, and Virginia Clinton appeal the denial of their motions to set aside the dismissal of their complaints. Because we find no abuse of discretion, we affirm.
 
 Case No. 92-3363
 
 3
 Reverend Knight is the former minister to the Park City Christian Church in Wichita, Kansas. Candace, his daughter, Darrel, his son-in-law, and Virginia Clinton, a family friend, are parishioners of the church. On January17, 1990, the Kansas Department of Health and Environment brought an action to enjoin the Reverend, his daughter and son-in-law, and several other parishioners from operating an unlicensed child day care center. In response, plaintiffs-appellants brought this action against the State of Kansas, its attorney general, the Department of Health and Environment, several department employees, Sedgwick County, and several county employees. Their complaint, which is almost unreadable, appears to claim that the state and county actions were taken fraudulently, as part of a personal vendetta, and as part of a conspiracy to prevent Reverend Knight from exposing the participation of certain government officials in a drug trafficking operation.
 
 
 4
 On December 31, 1991, the district court dismissed the plaintiffs-appellants' complaint on the ground that it did not demonstrate the existence of federal jurisdiction andor failed to state a claim upon which relief could be granted. Thereafter, on January 9, 1992, the plaintiffs-appellants filed a "Motion to Set Aside" the court's order. Construing the motion as one to alter or amend the judgment under Fed.R.Civ.P. 59(e), the court denied the motion on July 14, 1992. On July21, 1992, the plaintiffs-appellants filed a second "Motion to Set Aside," arguing that the court erred in dismissing the underlying action. Treating this as a motion pursuant to Fed.R.Civ.P. 60(b), the court denied relief on September15, 1992. This appeal followed.
 
 Case No. 92-3370
 
 5
 On the same date that case No. 92-3363 was filed, Reverend Knight, as the only plaintiff, filed this action against the City of Wichita and twelve other defendants, alleging a pattern of harassment, false arrests, and malicious prosecutions designed to prevent him from exposing their involvement in a drug conspiracy. Knight's rambling forty-two page complaint appears to claim that his arrest and prosecution for making a terroristic threat, and later, for sexual battery, were unfounded and were, in reality, brought about to keep him from exposing the corruption of various Kansas officials.
 
 
 6
 Knight's complaint was dismissed for lack of federal subject matter jurisdiction andor for failure to state a claim on December 31, 1991. His first "Motion to Set Aside" was treated as a motion under Rule 59(e) and was denied on July 14, 1992. His second "Motion to Set Aside" was treated as a motion for relief under Rule 60(b), and was denied on September 15, 1992. This appeal followed.
 
 
 7
 In both cases, the notices of appeal were filed more than thirty days after the court's denial of the plaintiffs-appellants' Rule 59(e) motions. Therefore, pursuant to Fed.R.App.P. 4(a), this court is without jurisdiction to review the dismissal of the plaintiffs-appellants' complaints. See Chesson v. Jaquez, 986 F.2d 363, 365 (10th Cir.1993); see also Budinich v. Becton Dickinson & Co., 486 U.S. 196, 198, 203 (1988). Instead, we are limited to reviewing the district court's denial of the plaintiffs-appellants' Rule 60(b) motions in both cases. See Campbell v. Bartlett, 975 F.2d 1569, 1580 n.15 (10th Cir.1992); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 113 S.Ct. 89 (1992).
 
 
 8
 We review a denial of relief under Rule 60(b) only for an abuse of discretion. Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1145 (10th Cir.1990). The district court has "substantial discretion" in deciding a Rule 60(b) motion. Id. at 1146. A court abuses its discretion under Rule 60(b) if its decision is "arbitrary, capricious, or whimsical," Robison v. Maynard, 958 F.2d 1013, 1018 (10th Cir.1992), or if the record demonstrates bias or ill will. Pelican Prod., 893 F.2d at 1146. We find no such abuse of discretion here.
 
 
 9
 The plaintiffs-appellants' motions, identical in both cases, appear to allege that the district court committed a mistake of law in concluding that the complaints did not demonstrate subject matter jurisdiction andor failed to state a claim. Because the plaintiffs-appellants in both cases submitted their Rule 60(b) motions within the time for filing a notice of appeal, we may consider their claims of legal error. Van Skiver, 952 F.2d at 1244.
 
 
 10
 The motions appear to argue that because the complaints allege the existence of a drug conspiracy, which falls within the province of several federal agencies, the subject matter is federal in nature. Such allegations do not create a federal question which would give rise to subject matter jurisdiction. The argument that federal jurisdiction is established because Knight has filed other cases in federal court, involving the same subject matter, is similarly without merit.
 
 
 11
 Finally, the plaintiffs-appellants attempt to reargue the original issues raised in their complaints, with occasional references to "due process," "equal protection," and the "First Amendment." Mere repetition of earlier arguments "do[es] not justify relief from the district court's judgment pursuant to Rule 60(b)." Id. The rule cannot be used as a substitute for an appeal of the underlying judgment. Morris v. Adams-Millis Corp., 758 F.2d 1352, 1357 (10th Cir.1985). No abuse of discretion will be found unless plaintiffs-appellants can demonstrate a "facially obvious error[ ] of law," Van Skiver, 952 F.2d at 1244.
 
 
 12
 Here, as noted by the district court, there is a presumption against the exercise of federal jurisdiction. Penteco Corp. v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.1991). The federal court's jurisdiction must affirmatively appear clearly and distinctly, and the mere suggestion of a constitutional violation is not enough. See, e.g., Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir.1990); Roberts v. Clark, 615 F.Supp. 1554, 1556 (D. Colo.1985)("Jurisdiction does not arise simply because an averment as to the existence of a constitutional question is made, if it plainly appears that the averment is not real and substantial....").
 
 
 13
 Because plaintiffs-appellants have not identified an obvious error of law, there is no basis for relief under Rule 60(b)(1). They also have not demonstrated any unusual circumstances that would entitle them to relief under Rule 60(b)(6). For these reasons, we hold that the district court did not abuse its discretion in denying plaintiffs-appellants' post-judgment motions.[3]
 
 
 14
 The judgments of the United States District Court for the District of Kansas are AFFIRMED.
 
 
 
 **
 Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [3]
 The Wichita Eagle-Beacon, a defendant in case No. 92-3370, argues that this court does not have appellate jurisdiction over it because it was never served with a copy of Knight's second "Motion to Set Aside." Because a post-judgment proceeding under Rule 60(b) is merely a continuation of the previous action, the failure to serve a party does not create a jurisdictional defect. See e.g. Smith v. Widman Trucking & Excavating, Inc., 627 F.2d 792, 799 (7th Cir.1980). Instead, the failure to serve a party provides grounds for denial of the motion, or, on appeal, grounds for vacating an order granting the motion. See Chavez v. Balesh, 704 F.2d 774, 777 (5th Cir.1983) (district court's ruling on Rule 60(b) motion without notice to the parties may not be upheld); Conway v. Johnson, 115 F.R.D. 603, 604 (N.D. Cal.1987), aff'd, 892 F.2d 82 (9th Cir.1989) (holding that failure to serve notice of motion on two defendants warranted denial of the motion). Because we find no error in the district court's denial of Knight's motion, there is no need to address the lack of service